SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JOHN T. BROOKS, Cal. Bar No. 167793
jbrooks@sheppardmullin.com
JARED K. LEBEAU, Cal. Bar No. 292742
jlebeau@sheppardmullin.com
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone:  619.338.6500
Facsimile:  619.234.3815

Attorneys for Defendants GEICO
Indemnity Company and GEICO General
Insurance Company

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| MICHAEL MCGRANAHAN, an individual,<br><br>        Plaintiff,<br><br>      v.<br><br>GEICO INDEMNITY COMPANY; GEICO GENERAL INSURANCE COMPANY; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No.<br><br>**DEFENDANTS GEICO INDEMNITY COMPANY AND GEICO GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTION 1441 (DIVERSITY JURISDICTION)** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF, AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1441(b) and 1446, defendants GEICO Indemnity Company and GEICO General Insurance Company (collectively referred to as "GEICO"), hereby remove the state court action described below from the Superior Court of the State of California for the County of Riverside to the United States District Court for the Central District of California, Eastern Division, and submit the following statement of facts, which entitles GEICO to removal:

## JURISDICTIONAL STATEMENT

This action is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, the Court has original jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

## BASIS FOR REMOVAL: DIVERSITY JURISDICTION

I.    **Compliance With Statutory Requirements**

1.    On or about October 20, 2021, Plaintiff Michael McGranahan filed a lawsuit in the Superior Court of the State of California for the County of Riverside entitled *Michael McGranahan v. GEICO Indemnity Company et al., and DOES 1 through 100, inclusive*, Case No. CVRI2104801 (the "Action"). The Complaint alleges causes of action for (1) Breach of the Implied Covenant of Good Faith and Fair Dealing, and (2) Breach of Contract. Attached hereto as **Exhibit A** is a true and correct copy of the Complaint.

2.    GEICO was served with the Complaint on December 21, 2021. Attached hereto as **Exhibit B** are true and correct copies of the Service of Process Transmittals on both defendant entities **("Proofs of Service," Exhibit B)**.

3.    GEICO filed an Answer to the Complaint in the State Court action on January 18, 2022. Attached hereto as **Exhibit C** is a true and correct copy of the

-2-

1   Answer (**"Answer," Exhibit C**).

2       4.    GEICO's removal is timely because it was filed within 30 days after

3   GEICO was served with Plaintiff's Complaint from which it was first ascertained

4   that the case is one which is removable. *See* 28 U.S.C. § 1446(b).

5       5.    Pursuant to 28 U.S.C. § 1446(d), GEICO will promptly provide written

6   Notice of Removal of this Action to Plaintiff and will promptly file a copy of this

7   Notice of Removal with the Clerk of the Superior Court of California for the County

8   of Riverside.

9       6.    The United States District Court for the Central District of California,

10   Eastern Division, embraces Riverside County.  At all relevant times, Plaintiff is and

11   was a citizen of the United States, as well as a resident domiciled in the County of

12   Riverside, State of California, making him a citizen of California for purposes of

13   diversity.  Therefore, based on Plaintiff's citizenship and county of domicile and

14   residence, the United States District Court for the Central District of California,

15   Eastern Division, is a proper venue for this Action pursuant to 28 U.S.C. §§ 84(c)

16   and 1441(a).

17   **II.**    **Statement of the Grounds for Removal**

18       **A.**    ***There Is Complete Diversity Between GEICO and Plaintiffs***

19       7.    GEICO removes this case under 28 U.S.C. § 1441.  Removal is proper

20   because, as alleged in more detail below:  (1) there is complete diversity between

21   GEICO and Plaintiff; and (2) this matter is a civil action in which the amount in

22   controversy exceeds the sum of $75,000, exclusive of costs and interest.

23       8.    Both GEICO defendants, at the commencement of the state court

24   action, were corporations organized and existing under the laws of the State of

25   Nebraska, with their principal place of business in Chevy Chase, Maryland.  Neither

26   GEICO defendant has substantial predominance of its corporate activities in the

27   State of California.  Their corporate "nerve center," where the majority of their

28   executive and administrative functions are performed, is in Chevy Chase, Maryland.

Thus, both GEICO defendants are, and were at the commencement of the Action and at the time of removal, residents and citizens of the state of Maryland and Nebraska, as well as of the United States.

9.     Plaintiff is and was at the commencement of the Action and at the time of removal, a citizen of the United States, who is and was domiciled in and a resident of the County of Riverside, in the State of California, making him a citizen of California for purposes of diversity.  There is no indication that Plaintiff is or was a citizen of Maryland or Nebraska, the only fact that would destroy diversity of citizenship in this case.

10.     Plaintiff's naming of 100 fictitious "Doe" defendants without identifying their residence has no effect on the diversity analysis in this case.  *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1266 (9th Cir. 1992) (acknowledging that "Doe" defendants "shall be disregarded for jurisdictional purposes.") (citing former Section 1441(a)).

11.     Disregarding all the "Doe" defendants, the only defendants are the two GEICO entities.  Thus, complete diversity exists between GEICO and Plaintiff, meeting the diversity requirements of 28 U.S.C. § 1332.

**B.     *The Amount In Controversy Requirement Is Met***

12.     In the Complaint, Plaintiff seeks compensatory damages against GEICO that total $1,500,000.  **(Exhibit A, ¶18 and ¶1 in both Prayers for Relief.)** In addition, Plaintiff seeks pre-judgment and post-judgment interest, attorneys' fees and recoverable costs.

13.     Because Plaintiff is expressly seeking **$1,500,000** in damages, his damage claims in the Complaint demonstrate that the amount in controversy exceeds $75,000.

1       14.    A claim for attorneys' fees is also included in determining the amount

2  in controversy.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir.

3  1998) (attorneys' fees are part of the amount in controversy if such fees are

4  recoverable by plaintiff); *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005,

5  1009 (E.D. Cal. 2011) (attorneys' fees recoverable under *Brandt v. Superior Court*,

6  37 Cal. 3d 813 (1985), are included in determining the amount in

7  controversy);*Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365 (9th Cir. 1982).

8  **III.    Removal is Timely Pursuant to 28 U.S.C. § 1446(b).**

9       15.    The 30-day removal period starts to run only upon defendant's receipt

10  of a "pleading, motion, order or other paper from which it may first be ascertained

11  that the case is … removable."  28 U.S.C. § 1446(b)(3).  When removability does

12  not appear on the face of the complaint, a defendant is not deemed to be aware that

13  the case is removable and the 30-day removal clock does not begin to run: "[N]otice

14  of removability under § 1446(b) is determined through examination of the four

15  corners of the applicable pleadings, not through subjective knowledge or a duty to

16  make further inquiry."  *Harris v. Bankers Life & Cas. Co.*, 425 F3d 689, 693 (9th

17  Cir. 2005).  Where grounds for removal do not appear on the face of the complaint,

18  the Court may look to "documents exchanged in the case by the parties to determine

19  when the defendant had notice of the grounds for removal."  *Lovern v. General*

20  *Motors Corp.*, 121 F3d 160, 161 (4th Cir. 1997) (diversity of citizenship disclosed

21  in plaintiff's answers to interrogatories); 28 U.S.C. § 1446(c)(3)(A) ("information

22  relating to the amount in controversy in the record of the State proceeding, or in

23  responses to discovery, shall be treated as an 'other paper'.").

24       16.    Here, GEICO's notice of removal is timely because it is being filed

25  within 30 days of GEICO being served with the first documents – *i.e.*, the

26  Complaint – that GEICO received, wherein Plaintiff indicates he is seeking over

27  $75,000 in this Action.  Specifically, Plaintiff served GEICO with the Complaint on

28  December 21, 2021, wherein it was first ascertainable that the amount in

1   controversy exceeds $75,000, exclusive of interest and costs, and is between citizens

2   of different states.  Therefore, removal of this Action is timely pursuant to 28 U.S.C.

3   § 1446(b) **(Ex. B; Ex. A.)**.

4        17.    Copies of all other documents that have been filed in the state court

5   action are attached hereto as **Exhibit D.**

6       **WHEREFORE**, GEICO prays that the state court action now pending

7   against it in the Superior Court of the State of California for the County of Riverside

8   be removed to this United States District Court for the Central District of California,

9   Eastern Division.

10

11   Dated:  January 19, 2022

12                      SHEPPARD, MULLIN, RICHTER & HAMPTON

13                      LLP

14

15                By         s/ Jared K. LeBeau

16                        JARED K. LEBEAU

17               Attorneys for Defendants GEICO Indemnity

18                Company and GEICO General Insurance

19                      Company

20

21

22

23

24

25

26

27

28

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Riverside on 10/20/2021 12:47 PM
Case Number CVRI2104801 0000003803487, W. Samuel Hamrick Jr. Executive Officer/Clerk of the Court By Lourdes Villanueva, Clerk

**SUM-100**

# SUMMONS
## (CITACIÓN JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Geico Indemnity Company; Geico General Insurance Company; and,
DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Michael McGranahan, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE<br>4050 Main Street, Riverside, CA 92501 | CVRI2104801 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Eric I. Ryanen     (Bar # 146559)                         Fax No.: (714) 547-1245
Rizio Lipinsky Law Firm PC                                Phone No.: (714) 547-1234
2677 North Main Street, Suite 225, Santa Ana, CA 92705

| DATE:<br>*(Fecha)* | 10/20/2021 | Clerk, by<br>*(Secretario)* | *L. Villanueva* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:

3. [✓] on behalf of *(specify)*:  Geico Indemnity Company

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [✓] other *(specify)*: Form Unknown

4. [ ] by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**
008

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

Electronically FILED by Superior Court of California, County of Riverside on 10/20/2021 12:47 PM
Case Number CVRI2104801 000000803486 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Lourdes Villanueva, Clerk

1    **RIZIO LIPINSKY LAW FIRM PC**
     Gregory G. Rizio (SBN: 157008)
2    grizio@riziolawfirm.com
     Eric Ryanen (SBN: 146559)
3    eryanen@riziolawfirm.com
     2677 N. Main Street, Suite 225
4    Santa Ana, CA 92705

5
     Tel: (714) 547-1234
6    Fax: (714) 547-1245

7    Attorneys for Plaintiff,
     Michael McGranahan
8

9

10                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                    **FOR THE COUNTY OF RIVERSIDE**

12

13   MICHAEL MCGRANAHAN, an individual,    Case No.:   CVRI2104801
                                           [Unlimited Jurisdiction]
14                Plaintiff,
                                           **COMPLAINT FOR:**
15        vs.
                                           1. **BREACH OF THE IMPLIED**
16   GEICO INDEMNITY COMPANY; GEICO           **COVENANT OF GOOD FAITH AND**
     GENERAL INSURANCE COMPANY; and,          **FAIR DEALING (AS ASSIGNEE).**
17   DOES 1 through 100, inclusive,
                                           2. **BREACH OF CONTRACT (AS**
18                Defendants.                 **ASSIGNEE)**

19

20        MICHAEL MCGRANAHAN, alleges as follows:

21

22   **I.**

23   **INTRODUCTION**

24        1. Plaintiff is ignorant of the true names and capacities of defendants sued herein as

25   DOES 1 through 100, inclusive, and therefore sues said defendants by such fictitious names.

26   Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

27   Plaintiff is informed and believes, and thereon alleges, that the fictitiously named defendants are

28

1   legally responsible in some manner for the occurrences, injuries and damages hereinafter

2   alleged.

3       2.   Plaintiff is informed and believes, and on the basis of that information and belief,

4   alleges that at all times herein mentioned in this complaint, defendants were the agents and

5   employees of their codefendants, and in doing the things alleged in this complaint were acting

6   within the course and scope of that agency and employment. In the alternative, each defendant

7   authorized, consented to and/or ratified the conduct of the remaining defendants, and each of

8   them.

9       3.   Briefly, defendants GEICO INDEMNITY COMPANY and GEICO INSURANCE

10  COMPANY and DOES 1 through 100 (cumulatively, GEICO) were insurers who breached duties

11  of good faith and fair dealing through their failure and refusal to settle timely, and/or indemnify

12  timely the claims alleged against their insureds. Said insureds assigned to plaintiff their rights

13  against GEICO. Plaintiff brings this action as the assignee of those claims that were assigned to

14  him by GEICO's insureds.

15

16  **II.**

17  **FACTUAL BACKGROUND**

18      4.   Plaintiff MCGRANAHAN incorporates by reference the allegations contained in

19  paragraphs 1 through 3.

20      5.   On information and belief, at all times herein mentioned, Maria Zabala was the driver

21  of a certain 2005 Chrysler PT Cruiser bearing California license plate number 5LTS733 (herein

22  referenced to as "the automobile"). The automobile was owned by Maria Zabala's daughter,

23  Eliza Gomez, and entrusted to her parents, Maria Zabala and Carlos Zabala.

24      6.   On information and belief, during the year 2014, GEICO issued to Maria Zabala,

25  Carlos Zabala and Eliza Gomez an automobile liability policy (hereinafter "POLICY") bearing

26  policy number 4063-97-63-79. The POLICY provided coverage for bodily injury liability and

27  property damage liability, as required by the California Financial Responsibility laws. The bodily

28  injury liability limits under the policy are $100,000 each person / $300,000 each occurrence.

7.  On information and belief, all premiums due on the POLICY were paid by or on behalf of Maria Zabala, Carlos Zabala and/or Eliza Gomez, and DEFENDANTS accepted payment of same.  Further, Maria Zabala, Carlos Zabala and Eliza, and Maria Zabala has performed all her obligations and satisfied all conditions under the POLICY.

8.  On or about June 30, 2014, while the POLICY was in full force and effect, Maria Zabala was involved in an automobile versus motorcycle collision on San Sevaine Way near Wacker Drive in Riverside County, California with Plaintiff MCGRANAHAN.  Plaintiff MCGRANAHAN sustained catastrophic, life-altering personal physical injuries including, but not limited to a fractured skull, traumatic brain injury, multiple rib fractures, multiple facial fractures including a broken jaw, bilateral radius fracturs in his arms, pneumothorax, bilateral deep vein thrombosis in both the upper and lower extremities as a result of the incident.  Maria Zabala was determined to be at fault for the incident.  Plaintiff MCGRANAHAN made a claim against Maria Zabala's regarding bodily injury and property damage arising from the collision.

9.  Thereafter, on or about July 18, 2015, MCGRANAHAN, sent a clear and unequivocal offer to settle to Maria Zabala's insurance carrier GEICO, offering to accept the full available limits under the POLICY ("offer to settle"). Under the terms of the offer to settle, GEICO was given up to an including August 17, 2015 to accept the offer to settle.  GEICO failed to do so before the offer expired.  At the time the offer was made, liability was reasonably clear, and it was reasonably clear that the value of plaintiff's injuries and damages exceeded the $100,000.00 policy limit.

10.  On February 16, 2016, Plaintiff MCGRANAHAN filed an action against Maria Zabala, Carolos Zabala and Eliza Gomez entitled *Michael Patrick McGranahan v. Maria Elena Zabala, Carlos Zabala and Eliza Gomez, et al.* in the Riverside Superior Court, Case No. RIC 1602331 ("underlying action").  In that action, Plaintiff MCGRANAHAN sought recovery for damages for the bodily injury arising from the incident.  A copy of the complaint in the underlying action is attached hereto as **Exhibit "1"** and is made a part hereof by reference. Pursuant to the terms of the POLICY alleged in paragraph 8 of this complaint, DEFENDANTS

1    assumed their duty to defend the parties in the underlying action, and employed the firm

2    Freeman Mathis & Gary LLP as counsel to handle the defense.

3        11.  On March 16, 2016, Maria Zabala died. Following her death, the underlying action

4    was amended, and the Estate of Maria Zabala was named as Doe Defendant 1.

5        12.  Thereafter, on November 29, 2016, a Notice of Petition to Administer the Estate of

6    Maria Zabala was filed and on December 23, 2016, Letters of Administration were issued by the

7    Riverside Superior Court and an Order was made naming Michael Patrick McGranahan as

8    administrator of the Esate of Maria Zabala.

9        13.  Litigation of the matter proceeded and in lieu of proceeding to trial, on or about

10   February 12, 2020, in order to extricate itself from personal liability, the Administrator for the

11   Estate of Maria Zabala, Carlos Zabala and Eliza Gomez agreed to assign all of the assignable

12   rights under the GEICO POLICY available to Plaintiff MCGRANAHAN, upon entry of a

13   stipulated judgment. The assignment of rights was part of a stipulated judgement and

14   confidential settlement agreement entered into between MCGRANAHAN, Maria Zabala/Estate

15   of Maria Zabala and GEICO. The judgment was actually entered and filed on or about April. 13,

16   2021.

17       14.  As a result of the Stipulated Judgment and the Assignment Agreement, Plaintiff

18   MCGRANAHAN has standing against Defendant as the assignee of the rights of insured Maria

19   Zabala/Estate of Maria Zabala.

20   **III.**

21                          **FIRST CAUSE OF ACTION**

22   **Breach of the Implied Covenant of Good Faith and Fair Dealing (As Assignee)**

23   (By PLAINTIFF against ALL DEFENDANTS)

24       15.  Plaintiff incorporates by reference the allegations in paragraphs 1 through 14.

25       16.  At the times, places and in the manner as aforesaid, defendant breached its duty of

26   good faith and fair dealing owed to Plaintiff, as the assignee of the rights of Administrator of the

27   Estate of Maria Zabala, Carlos Zabala and Eliza Gomez in the following respects:

28

a.  Unreasonably failing and refusing to timely settle and/or indemnify Maria Zabala (deceased), Administrator of the Estate of Maria Zabala/Estate of Maria Zabala, Carlos Zabala and Eliza Gomez at a time when liability was reasonably clear, despite the demand to do so and despite the fact that such a settlement and/or indemnification was a benefit to be provided under the Policy; and

b.  Unreasonably failing to timely accept a clear and unequivocal offer to settle the Underlying Action within the Policy limits at a time when the liability of Maria Zabala (deceased), Administrator of the Estate of Maria Zabala/Estate of Maria Zabala, Carlos Zabala and Eliza Gomez was reasonably clear;

c.  Unreasonably failing to conduct a timely, fair, thorough and balanced investigation of the claims under the Policy;

d.  Unreasonably failing to give at least as much consideration to the interests of its insured as it gave to its own interests;

e.  Unreasonably failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claims against Maria Zabala/Estate of Maria Zabala, Carlos Zabala and Eliza Gomez in which liability had become reasonably clear.

f.  Unreasonably failing to accept a reasonable offer within the policy limits, under the erroneous belief there was no coverage, when there was a substantial likelihood of a recovery in excess of the policy limits.

17.  Plaintiff is informed and believes and thereon alleges that Defendant has breached its duty of good faith and fair dealing owed to Plaintiff, as the assignee of the rights of Administrator of the Estate of Maria Zabala, Carlos Zabala and Eliza Gomez by other acts or omissions of which Plaintiff is presently unaware and which will be shown according to proof at the time of trial.

18. As a legal result of the above-mentioned unreasonable and bad faith conduct by Defendant GEICO, Plaintiff has suffered, and will continue to suffer in the future, damages under the Policy referenced above, plus interest, and other economic and consequential damages, in the sum of $1,500,000, plus 10% statutory interest per year, plus recoverable costs, for a total amount to be proven at the time of trial.

19. As a further proximate result of the unreasonable and bad faith conduct of Defendant, Plaintiff was compelled to retain legal counsel to obtain the benefits due under the Policy. Therefore, Defendant is liable to Plaintiff for those attorneys' fees, witness fees, and costs of litigation reasonably necessary and incurred by plaintiff in order to obtain the benefits of the Policy, in a sum to be determined at the time of trial.

**IV.**

**SECOND CAUSE OF ACTION**

**BREACH OF CONTRACT (As Assignee)**

(By PLAINTIFF against ALL DEFENDANTS)

20. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 19.

21. Defendant owed duties and obligations to Plaintiff, as the assignee of the rights of Administrator of the Estate of Maria Zabala, Carlos Zabala and Eliza Gomez, under the Policy, a correct copy of which is attached as ***Exhibit 2*** and incorporated herein by reference.

22. Defendant breached the terms and provisions of the Policy, including their duties to settle, and/or indemnify, owed to Plaintiff, as the assignee of the rights of Maria Zabala/Estate of Maria Zabala, under the Policy, as set forth in the General Allegations and First Cause of Action above.

23. As a direct and proximate result of Defendant's conduct and breach of contractual obligations, Plaintiff has suffered damages under the Policy in an amount to be determined according to proof at the time of trial.

**PRAYER FOR RELIEF**

   **WHEREFORE**, PLAINTIFF MICHAEL MCGRANAHAN prays for judgment against Defendants and each of them, as follows:

   **AS TO THE FIRST CAUSE OF ACTION AGAINST DEFENDANT, AND DOES 1 THROUGH 100, INCLUSIVE, FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AS ASSIGNEE:**

   1.    Payment of the unsatisfied Judgment in the sum of $1,500,000.00, plus pre-judgment and post-judgment interest, plus recoverable costs, and other economic and consequential damages, in a sum to be determined at the time of trial;

   2.    Attorneys' fees incurred by plaintiffs to obtain the benefits due under the Policy for payment of the unsatisfied judgment in an amount to be determined at the time of trial;

   3.    Costs of suit incurred herein; and

   4.    Such other and further relief as the Court deems just and proper.

   **AS TO THE SECOND CAUSE OF ACTION AGAINST DEFENDANT, AND DOES 1 THROUGH 100, INCLUSIVE, FOR BREACH OF CONTRACT AS ASSIGNEE:**

   1.    Payment of the unsatisfied Judgment in the sum of $1,500,000.00 plus pre-judgment and post-judgment interest, plus recoverable costs, and other economic and consequential damages, in a sum to be determined at the time of trial;

   2.    Costs of suit incurred herein; and

   3.    Such other and further relief as the Court deems just and proper.

DATED:  October 13, 2021                RIZIO LIPINSKY LAW FIRM PC

                                        By:
                                           GREGORY G. RIZIO
                                           ERIC I. RYANEN
                                           Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

    Plaintiff hereby demands a jury trial.


DATED:  October 13, 2021                    RIZIO LIPINSKY LAW FIRM PC

                                      By: _____
                                              GREGORY G. RIZIO
                                              ERIC I. RYANEN
                                              Attorneys for Plaintiff

Electronically FILED by Superior Court of California, County of Riverside on 10/20/2021 12:47 PM
Case Number CVRI2104801 0000003803489 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Lourdes Villanueva, Clerk

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>─ Eric I. Ryanen    (Bar # 146559)<br>Rizio Lipinsky Law Firm PC<br>2677 North Main Street, Suite 225<br>Santa Ana, CA 92705<br>TELEPHONE NO.: (714) 547-1234    FAX NO.: (714) 547-1245<br>ATTORNEY FOR *(Name):* Michael McGranahan, Plaintiff | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside 92501
BRANCH NAME:

| | |
|---|---|
| CASE NAME:<br><br>McGranahan v. Geico | |

| | | |
|---|---|---|
| **CIVIL CASE COVER SHEET** | Complex Case Designation | CASE NUMBER:<br>CVRI2104801 |
| [X] Unlimited    [ ] Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)    $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [X] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[X] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action *(specify):* TWO (2)
5. This case [ ] is  [X] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 19, 2021

Eric I. Ryanen
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET**<br>017 | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov*<br>*LexisNexis® Automated California Judicial Council Forms* |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box** for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award (*not unpaid taxes*)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint Case (*non-tort/non-complex*)
    Other Civil Complaint (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

Electronically FILED by Superior Court of California, County of Riverside on 10/20/2021 12:47 PM
Case Number CVRI2104801 0000003803488 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Lourdes Villanueva, Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | | | |
|---|---|---|---|
| ☐ | **BANNING** 311 E. Ramsey St., Banning, CA 92220 | ☐ | **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ | **BLYTHE** 265 N. Broadway, Blythe, CA 92225 | ☐ | **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☐ | **HEMET** 880 N. State St., Hemet, CA 92543 | ☒ | **RIVERSIDE** 4050 Main St., Riverside, CA 92501 |
| ☐ | **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 | | |

**RI-CI032**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address)<br><br>Eric I. Ryanen, State Bar No. 146559<br>Rizio Lipinsky Law Firm PC<br>2677 North Main Street, Suite 225<br>Santa Ana, CA 92705<br><br>TELEPHONE NO: (714) 547-1234    FAX NO. (Optional): (714) 547-1245<br>E-MAIL ADDRESS (Optional): eryanen@riziolawfirm.com<br>ATTORNEY FOR (Name): Plaintiff Michael McGranahan | FOR COURT USE ONLY |
| PLAINTIFF/PETITIONER: Michael McGranahan | |
| DEFENDANT/RESPONDENT: Geico Indemnity Company | CASE NUMBER:<br><br>CVRI2104801 |

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒    The action arose in the zip code of:        91752 _____

☐    The action concerns real property located in the zip code of:        _____

☐    The Defendant resides in the zip code of:        _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date    10/13/21 _____

_____

_____
Eric I. Ryanen
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

► _____
(SIGNATURE)

# Exhibit 1
# To Complaint

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MARIA ELENA ZABALA; CARLOS ZABALA; ELIZA GOMEZ; and
DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MICHAEL PATRICK MCGRANAHAN,

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

FEB 2 6 2016

B. Ellico-Mestas

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE | RIC 1602331 |
| 4050 Main Street, Riverside, CA 92501 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gregory G. Rizio    (Bar # 157008)          Fax No.: (714) 547-1245
Rizio & Nelson                              Phone No.: (714) 505-2468
1801 H Parkcourt Place, Santa Ana, CA 92701

DATE:
*(Fecha)* FEB 2 6 2016    Clerk, by **Briana Ellico-Mestas**, Deputy
                          *(Secretario)*                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*
LexisNexis® Automated California Judicial Council Forms

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

| | |
|---|---|
| ☐ BANNING 135 N. Alessandro Rd., Banning, CA 92220 | ☐ MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ BLYTHE 265 N. Broadway, Blythe, CA 92225 | ☐ PALM SPRINGS 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☐ HEMET 880 N. State St., Hemet, CA 92543 | ☒ RIVERSIDE 4060 Main St., Riverside, CA 92501 |
| ☐ MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92563 | ☐ TEMECULA 41002 County Center Dr., #100, Temecula, CA 92591 |

RI-030

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address):<br>Gregory G. Rizio (Bar # 157008)<br>Rizio & Nelson<br>1801 H Parkcourt Place<br>Santa Ana, California 92701<br>TELEPHONE NO: (714) 505-2468    FAX NO. (Optional): (714) 547-1245<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Michael Patrick McGranahan, Plaintiff | FOR COURT USE ONLY<br><br>F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br><br>FEB 26 2016<br><br>B. Ellico-Mestas |
| PLAINTIFF/PETITIONER: Michael Patrick McGranahan | |
| DEFENDANT/RESPONDENT: Maria Elena Zabala et al. | CASE NUMBER:<br>RIC 1602331 |

**CERTIFICATE OF COUNSEL**

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒   The action arose in the zip code of:    91752

☐   The action concerns real property located in the zip code of:    _____

☐   The Defendant resides in the zip code of:    _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date    2-2216

Gregory G .Rizio
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)    ► _____ (SIGNATURE)

Approved for Mandatory Use<br>Riverside Superior Court<br>RI-030 [Rev. 08/15/13]

**CERTIFICATE OF COUNSEL**

Page 1 of 1<br>Local Rule 1.0015<br>riverside.courts.ca.gov/localforms/localforms.shtml<br>*LexisNexis® Automated California County Forms*

022

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Gregory G. Rizio    (Bar # 157008)
Rizio & Nelson
1801 H Parkcourt Place
Santa Ana, CA 92701
TELEPHONE NO.: (714) 505-2468    FAX NO.: (714) 547-1245
ATTORNEY FOR (Name): Michael Patrick McGranahan, Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside 92501
BRANCH NAME:

CASE NAME:
McGranahan v. Zabala

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: RIC 16 0 23 31 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[X] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[X] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action (specify): ONE (1)
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 2.11.16

Gregory G. Rizio
(TYPE OR PRINT NAME)                                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

1   RIZIO & NELSON
    Gregory G. Rizio, Bar No. 157008
2   1801 H Parkcourt Place
    Santa Ana, CA 92701
3   (714) 505-2468
    (714) 547-1245 Facsimile
4

5   Attorneys for Plaintiff
    MICHAEL PATRICK MCGRANAHAN
6

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

FEB 26 2016

B. Ellico-Mestas

7               IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                        FOR THE COUNTY OF RIVERSIDE

9

10  MICHAEL PATRICK MCGRANAHAN,          )   CASE NO. RIC 160-2331
                                         )
11                Plaintiff,             )   COMPLAINT FOR DAMAGES
                                         )   (Negligence)
12            -vs-                        )
                                         )
13  MARIA ELENA ZABALA; CARLOS           )
    ZABALA; ELIZA GOMEZ;                 )
14  and DOES 1 through 100, Inclusive,   )
                                         )
15                Defendants.            )
                                         )
16  _____     )

17  Plaintiff alleges:

18      1.    Plaintiff, MICHAEL PATRICK MCGRANAHAN, is an individual and is now, and

19  at all times mentioned in this complaint was, a resident of Riverside County, California.

20      2.    Defendants, MARIA ELENA ZABALA, CARLOS ZABALA, ELIZA GOMEZ and

21  DOES 1 through 100 and each of them are now and at all relevant times herein mentioned in this

22  complaint were individuals residing in Riverside County, California.

23      3.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as

24  DOES 1 through 100, inclusive, and therefore sues said defendants by such fictitious names.

25  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

26  Plaintiff is informed and believes, and thereon alleges, that each fictitiously named defendants is

27  responsible in some manner for the occurrences herein alleged, and plaintiff's injuries as herein

28

                                        1
                                    Complaint

1    alleged were proximately caused by defendants' conduct.

2        4.    Plaintiff is informed and believes, and on the basis of that information and belief

3    alleges, that at all times mentioned in this complaint, defendants were the agents and employees of

4    their codefendant, and in doing the things alleged in this complaint were acting within the course and

5    scope of their employment.

**FIRST CAUSE OF ACTION**

**(NEGLIGENCE)**

8        5.    Plaintiff incorporate by this reference all allegations in Paragraphs 1 through 5 of this

9    complaint, as though fully set forth here.

10        6.    Plaintiff is informed and believes and thereon alleges that each of the fictitiously

11    named defendants is negligently responsible in some manner for the occurrences herein alleged, and

12    that plaintiff's injuries as herein alleged were proximately caused by that negligence.

13        7.    Plaintiff is informed and believes and thereon allege that at all times herein mentioned

14    each of the defendants were acting with the consent and permission of each of the remaining

15    defendants.

16        8.    San Sevaine Way, near Wacker Drive, is and at all relevant times herein mentioned

17    was, a street located in the City of Jurupa Valley, County of Riverside, State of California.

18        9.    At all relevant times herein mentioned, plaintiff MICHAEL PATRICK

19    MCGRANAHAN was the driver of a 2005 motorcycle which was involved and damaged in the

20    accident as described below.

21        10.    On or about June 30, 2014, plaintiff MICHAEL PATRICK MCGRANAHAN was

22    traveling on a motorcycle westbound on San Sevaine Way, near Wacker Drive, in the City of Jurupa

23    Valley, County of Riverside, State of California.

24        11.    At all relevant times herein mentioned, defendants MARIA ELENA ZABALA,

25    CARLOS ZABALA, ELIZA GOMEZ and DOES 1 through 100, and each of them, were and now

26    the owners of a 2005 Chrysler PT Cruiser.

27        12.    On or about June 30, 2014, defendant MARIA ELENA ZABALA and DOES 1

28

2

Complaint

025

1   through 100, and each of them were operating said PT Cruiser eastbound on San Sevaine Way, near

2   Wacker Drive, in the City of Jurupa Valley, County of Riverside,  State of California.

3          13.      At said time and place, defendants and each of them, negligently owned, maintained,

4   controlled, managed, operated, entrusted, and drove said vehicle, so as to cause a collision with

5   plaintiff and his motorcycle, and to proximately cause the injuries and damages described below.

6          14.      As a direct and proximate result of the negligence of defendants, and each of them,

7   plaintiff was hurt and injured in his health, strength, and activity, sustaining injury to his nervous

8   system and person, all of which injuries have caused, and continue to cause, plaintiff great mental,

9   physical, and nervous pain and suffering.  As a result of such injuries, plaintiff has suffered general

10   damages in an amount in excess of the jurisdictional minimum of this Court.

11          15.      As a further direct and proximate result of the negligence of defendants, and each of

12   them, plaintiff has incurred, and will continue to incur, medical and related expenses in an amount

13   in excess of the jurisdictional minimum of this Court.

14          16.      As a further direct and proximate result of the negligence of defendants, and each of

15   them, plaintiff has suffered loss of earnings and earning capacity, in the past, present and future, in

16   an amount that will be demonstrated at trial according to proof.

17          17.      As a further direct and proximate result of the negligence of defendants, and each of

18   them, plaintiff has suffered property damage, and damages for the loss of use of his personal

19   property, in an amount that will be demonstrated at trial according to proof.

20          WHEREFORE, plaintiff prays judgement against defendants, and each of them, as follows:

21          1.      For general damages in an amount in excess of the jurisdictional minimum of this

22   court, and to be proven at trial;

23          2.      For medical and related expenses, according to proof in an amount to be shown at the

24   time of trial;

25          3.      For loss of past, present and future earnings and income, and earning capacity,

26   according to proof in an amount to be shown at the time of trial;

27          4.      For any prejudgment interest according to law;

28

1    5.    Costs of this action; and

2    6.    Any other and further relief that the Court considers proper.

3                                 Respectfully submitted,

4                                 RIZIO & NELSON

5

6    Dated:  2-22-16        By:

7                                 GREGORY G. RIZIO
                                  Attorney for Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Complaint

# Exhibit 2

# To Complaint

Apr 07 2016 12:31:57     18772931457     →     8570461168985946880 Geico          Page 004

# GEICO.
geico.com                Tel: 1-800-841-3000

**Declarations Page**
This is a description of your coverage.
Please retain for your records.

GEICO INDEMNITY COMPANY
P.O. Box 509090
San Diego, CA 92150-9090

**Policy Number: 4063-97-63-79**
**Coverage Period:**
04-08-14 through 10-08-14
12:01 a.m. standard time at the address of the named insured.

Date Issued: March 5, 2014

CARLOS S ZABALA AND MARIA E
ZABALA
13841 NORTHLAND RD
CORONA CA 92880-0769

Email Address: nonazabala@sbcglobal.net

| Named Insured | Additional Drivers |
|---|---|
| Carlos S Zabala | None |
| Maria E Zabala | |

| Vehicle | VIN | Vehicle Location | Finance Company/ Lienholder |
|---|---|---|---|
| 1 2005 Chry     PT Crsr TE | 3C4FY58B95T549050 | Corona CA 92880 | |

| Coverages* | Limits and/or Deductibles | Vehicle 1 |
|---|---|---|
| **Bodily Injury Liability** | | |
| Each Person/Each Occurrence | $100,000/$300,000 | |
| Property Damage Liability | $50,000 | |
| **Uninsured & Underinsured Motorists** | | |
| Each Person/Each Occurrence | $100,000/$300,000 | |
| Comprehensive | $500 Ded | |
| Collision | $500 Ded | |
| Emergency Road Service | Full | |
| Rental Reimbursement | $25 Per Day | |
| | $750 Max | |

**Total Six Month Premium**

*Coverage applies where a premium or $0.00 is shown for a vehicle.

If you elect to pay your premium in installments, you may be subject to an additional fee for each installment. The fee amount will be shown on your billing statements and is subject to change.

DEC_PAGE (11-11)  (Page 1 of 2)

Continued on Back
Renewal Policy Page 7 of 24

Apr 07 2016 12:32:10　10772931457　　→　0570461160905946000 Geico　　　　　　　Page 005

**Discounts and Surcharges**



Contract Type: A30CA
Contract Amendments: ALL VEHICLES - A30CA A54CA

Unit Endorsements:　CRA115 (VEH 1); CRA431 (VEH 1)
Class: C - 40MM T (VEH 1)

---

### Important Policy Information

-The estimated annual mileage figures applicable to the vehicles on your policy for the current and upcoming policy periods are:

| Vehicle | Current Mileage | Upcoming Mileage |
|---|---|---|
| 2005 CHRY PT CRSR TE | 6,000 | 11,500 |

-Active Duty, Guard, Reserve or Retired Military: Call 1-800-MILITARY to see if you qualify for the Military Discount.

-Please verify that the coverages you requested are accurately reflected on your Declarations Page. Visit geico.com to review additional coverages and/or limits available to you.

-No coverage is provided in Mexico.

-Reminder - Physical damage coverage will not cover loss for custom options on an owned automobile, including equipment, furnishings or finishings including paint, if the existence of those options has not been previously reported to us. This reminder does NOT apply in VIRGINIA and NORTH CAROLINA. Please call us at 1-800-841-3000 or visit us at geico.com if you have any questions.

-We recently received the documentation you provided regarding the annual mileage for the 2005 CHRY PT CRSR TE. Based on this documentation, the annual mileage for this vehicle has been adjusted to 11500.

-In accordance with Section 1872.87 of the California Insurance Code, in addition to your premium, a $0.90 charge per vehicle is assessed to fund auto insurance fraud reduction initiatives. This charge is applied once per policy term per vehicle.

---

Apr 07 2016 12:32:21    18772931457    →    8570461168985946000 Geico    Page 006

# GEICO

ONE GEICO PLAZA
Washington, D. C. 20076-0001
Telephone: 1-800-841-3000

# Your
# California
# Family
# Automobile
# Insurance
# Policy

A-30CA (10-98)

Apr 07 2816 12:32:27    18772931457    →    8578461168985946888 Geico    Page 887

# POLICY INDEX

Page      Page

**SECTION I - LIABILITY COVERAGES**
Your Protection Against Claims From Others
Definitions........................................................ 3
Losses We Will Pay For You ................................. 3
Additional Payment We Will Make Under The
Liability Coverages.......................................... 3
   Legal Expenses And Court Costs
   Bail And Appeal Bonds
   First Aid Expenses
Exclusions......................................................... 4
Persons Insured................................................. 4
Financial Responsibility Laws .............................. 5
Out of State Insurance........................................ 5
Limits Of Liability .............................................. 5
Other Insurance ................................................ 5
Conditions......................................................... 5
   Notice
   Two Or More Autos
   Assistance And Cooperation Of The Insured
   Action Against Us
   Subrogation

**SECTION II - AUTO MEDICAL PAYMENTS COVERAGE**
Protection For You And Your Passenger For Medical
Expenses
Definitions........................................................ 6
Payments We Will Make...................................... 6
Exclusions......................................................... 6
Limit Of Liability ............................................... 6
Other Insurance................................................. 7
Conditions......................................................... 7
   Notice
   Two Or More Autos
   Action Against Us
   Medical Reports - Proof And Payment Of Claims
   Subrogation

**SECTION III - PHYSICAL DAMAGE COVERAGES**
Your Protection For Loss Of Or Damage To Your Car
Definitions........................................................ 7
Losses We Will Pay For You
   Comprehensive (Excluding Collision) Coverage.....8
   Collision Coverage............................................ 8
Additional Payments We Will Make Under
   The Physical Damage Coverages........................ 8
Exclusions......................................................... 9
Limit Of Liability ............................................... 9
Other Insurance ................................................ 9

Conditions...................................................... 10
   Notice
   Two Or More Autos
   Assistance And Cooperation Of The Insured
   Action Against Us
   Insured's Duties In Event Of Loss
   Appraisal
   Payment Of Loss
   No Benefit To Bailee
   Subrogation

**SECTION IV - UNINSURED MOTORISTS AND
UNDERINSURED MOTORISTS COVERAGE**
Your Protection For Injuries Caused By Uninsured
And Hit-and-Run Motorists
Definitions ...................................................... 11
Losses We Pay................................................. 12
Exclusions....................................................... 12
Limits Of Liability ............................................ 12
Other Insurance............................................... 13
Disputes Between Us And Insured...................... 13
Trust Agreement.............................................. 13
Conditions...................................................... 13
   Notice
   Assistance And Cooperation Of The Insured
   Claims Not Settled Within One Year of Date of
    Accident
   Proof Of Claim - Medical Reports
   Payment Of Loss

**SECTION V - GENERAL CONDITIONS**
The Following Apply To All Coverages In This Policy
Territory - Policy Period ................................... 14
Premium.......................................................... 14
Changes.......................................................... 14
Assignment...................................................... 14
Cancellation By The Insured............................... 14
Cancellation By Us............................................ 14
Cancellation By Us Is Limited............................. 14
Renewal.......................................................... 15
Other Insurance............................................... 15
Disposal Of Vehicle .......................................... 15
Dividend Provision ........................................... 15
Declarations..................................................... 15
Fraud and Misrepresentation.............................. 15
Examination Under Oath.................................... 16
Terms Of Policy Conformed To Statutes............... 16

**SECTION VI - AMENDMENTS AND ENDORSEMENTS**
Special Endorsement - United States Government
    Employees............................................... 16

A-30CA (10-98)  Page 2 of 16

Whenever "he," "his," "him," or "himself" appears in this policy, you may read "she," "her," "hers "or "herself."

## AGREEMENT

We, the Company named in the declarations attached to this policy, make this agreement with *you*, the policyholder. Relying on the information *you* have furnished and the declarations attached to this policy and if *you* pay *your* premium when due, we will do the following:

### SECTION I - LIABILITY COVERAGES

### BODILY INJURY LIABILITY AND PROPERTY DAMAGE LIABILITY COVERAGES
**Your Protection Against Claims From Others**

### DEFINITIONS

The words italicized in Section I of this policy are defined below.

1. *"Auto business"* means the business of selling, repairing, servicing, storing, transporting or parking of autos.

2. *"Bodily Injury"* means bodily injury to a person, including resulting sickness, disease or death.

3. *"Farm auto"* means a truck type vehicle with a load capacity of 2,000 pounds or less, not used for commercial purposes other than farming.

4. *"Insured"* means a person or organization described under "PERSONS INSURED".

5. *"Non-owned auto"* means an automobile or *trailer* not owned by or furnished for the regular use of either *you* or a *relative*, other than a *temporary substitute auto*. An auto rented or leased for more than 30 days will be considered as furnished for regular use.

6. *"Owned auto"* means:

    (a) a vehicle described in this policy for which a premium charge is shown for these coverages;
    (b) a *trailer* owned by *you*;
    (c) a *private passenger, farm or utility auto*, ownership of which *you* acquire during the policy period or for which *you* enter into a lease during the policy period for six months or more, if:

        (i) it replaces an *owned auto* as defined in (a) above; or
        (ii) we insure all *private passenger, farm* and *utility autos* owned or leased by you on the date of the acquisition, and *you* ask us to add it to the policy no more than 30 days later;

    (d) a *temporary substitute auto*.

7. *"Private passenger auto"* means a four-wheel private passenger, station wagon or jeep-type auto.

8. *"Relative"* means a person related to *you* who resides in *your* household.

9. *"Temporary substitute auto"* means an automobile or trailer, not owned by *you*, temporarily used with the permission of the owner. This vehicle must be used as a substitute for the *owned auto* or *trailer* when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction.

10. *"Trailer"* means a trailer designed to be towed by a *private passenger auto*, if not being used for business or commercial purposes with a vehicle other than a *private passenger, farm or utility auto*.

11. *"Utility auto"* means a vehicle, other than a *farm auto*, with a load capacity of 2,000 pounds or less of the pick-up body, van or panel truck type not used for commercial purposes.

12. *"War"* means armed conflict between nations, whether or not declared, civil war, insurrection, rebellion or revolution.

13. *"You"* means the policyholder named in the declarations and his or her spouse if a resident of the same household.

### LOSSES WE WILL PAY FOR *YOU*

Under Section I, we will pay damages which an *insured* becomes legally obligated to pay because of:

1. *bodily injury*, sustained by a person, and
2. damage to or destruction of property,

arising out of the ownership, maintenance or use of the *owned auto* or a *non-owned auto*. We will defend any suit for damages payable under the terms of this policy. We may investigate and settle any claim or suit.

### ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE LIABILITY COVERAGES

1. All investigative and legal costs incurred by us.

2. All court costs charged to an *insured* in a covered lawsuit.

A-30CA (10-98) Page 3 of 18

3.  All interest accruing on that amount of a judgment which represents our limit of liability, until we have paid, offered or deposited in court that part of the judgment not exceeding the limit of our liability.

4.  Premiums for appeal bonds in a suit we appeal, or premiums for bonds to release attachments; but the face amount of these bonds may not exceed the applicable limit of liability.

5.  Premiums for bail bonds paid for an *insured* due to traffic law violations arising out of the use of an insured auto, not to exceed $250 per bail bond.

6.  Costs incurred by any *insured* for first aid to others at the time of an accident involving an insured auto.

7.  Loss of earnings up to $50 a day, but not other income, if we request an *insured* to attend hearings and trials.

8.  All reasonable costs, incurred by an *insured* at our request.

**EXCLUSIONS**
**When Section I Does Not Apply**

We will not pay damages if any one of the following exclusions 1. through 13. applies.

We will neither pay damages nor defend any suit for damages if one or more of exclusions 1., 2., 3., 4., 5., 8., or 10. applies.

1.  *Bodily Injury* to any *insured* is not covered nor is *bodily injury* to any *insured* covered whenever the ultimate benefits of indemnification accrue directly or indirectly to an *insured*. This exclusion also applies to any designated excluded driver who would have otherwise been included in the policy definition of an *insured*.

2.  Section I does not apply to any vehicle used to carry passengers or goods for hire. However, a vehicle used in an ordinary car pool on a ride sharing or cost sharing basis is covered.

3.  *Bodily injury* or property damage caused intentionally by or at the direction of any *insured* is not covered.

4.  We do not cover *bodily injury* or property damage that is insured under a nuclear liability policy.

5.  *Bodily injury* or property damage arising from the operation of farm machinery is not covered.

6.  *Bodily injury* to an employee of an *insured* arising out of and in the course of employment by any *insured* is not covered.

However, *bodily injury* of a domestic employee of the *insured* is covered unless benefits are payable or are required to be provided under a workers' compensation law.

7.  We do not cover *bodily injury* to a fellow employee of an *insured* if the fellow employee's *bodily injury* arises from the use of an auto while in the course of employment and if workers' compensation or other similar coverage is available. We will defend *you* if a suit is brought by a fellow employee against *you* alleging use, ownership or maintenance of an auto by *you*.

8.  We do not cover an *owned auto* while used by a person (other than *you* or a *relative*) when he is employed or otherwise engaged in the *auto business*.

9.  A *non-owned auto* while maintained or used by any person is not covered while such person is employed or otherwise engaged in (1) any *auto business* if the accident arises out of that business; (2) any other business or occupation of any *insured* if the accident arises out of that business or occupation, except a *private passenger auto* used by *you* or *your* chauffeur or domestic servant while engaged in such other business.

10.  We do not cover damage to property owned, rented to, transported by, or in the charge of, an *insured*, including motor vehicles operated by an *insured*.

11.  We do not cover an auto acquired by *you* during the policy term, if *you* have purchased other liability insurance for it.

12.  We do not cover:

(a)  the United States of America, or any of its agencies;

(b)  any person, including *you*, if protection is afforded under the provisions of the Federal Tort Claims Act.

13.  Section I does not apply to any vehicle while being used in the business of delivering food or food products from a restaurant or retail business to a consumer.

**PERSONS INSURED**
**Who Is Covered**

Section I applies to the following as *insureds* with regard to an *owned auto*:

1.  *you* and *your relatives*;

2.  any other person using the auto with *your* permission. The actual use must be within the scope of that permission;

3.  any other person or organization for his or its liability because of acts or omissions of any *insured* under 1. or 2. above.

A-30CA (10-98) Page 4 of 18

Section I applies to the following with regard to a *non-owned auto*:

1.  a) *you;*
    b) *your relatives* when using a *private passenger, farm or utility auto or trailer.*

    Such use must be with the permission, or reasonably believed to be with the permission, of the owner and within the scope of that permission;

2.  a person or organization, not owning or hiring the auto, regarding his or its liability because of acts or omissions of an *insured* under 1. above.

    The limits of liability stated in the declarations are our maximum obligations regardless of the number of *insureds* involved in the occurrence.

## FINANCIAL RESPONSIBILITY LAWS

When this policy is certified as proof of financial responsibility for the future under the provisions of a motor vehicle financial responsibility law, this liability insurance will comply with the provisions of that law. The *insured* agrees to reimburse us for payments made by us which we would not have had to make except for this agreement.

## OUT OF STATE INSURANCE

When the policy applies to the operation of a motor vehicle outside of *your state*, we agree to increase *your* coverages to the extent required of out-of-state motorists by local law. This additional coverage will be reduced to the extent that *you* are protected by another insurance policy. No person can be paid more than once for any item of loss.

## LIMITS OF LIABILITY

Regardless of the number of autos or *trailers* to which this policy applies:

1.  The limit of bodily injury liability stated in the declarations as applicable to "each person" is the limit of our liability for all damages, including damages for care and loss of services, because of *bodily injury* sustained by one person as the result of one occurrence.

2.  The limit of bodily injury liability stated in the declarations as applicable to "each occurrence" is, subject to the above provision respecting each person, the total limit of our liability for all such damages, including damages for care and loss of services, because of *bodily injury* sustained by two or more persons as the result of any one occurrence.

3.  The limit of property damage liability stated in the declarations as applicable to "each occurrence" is the total limit of our liability for all damages because of injury to or destruction of the property of one or more persons

A-300A (10-98) Page 5 of 10

or organizations, including the loss of use of the property as the result of any one occurrence.

## OTHER INSURANCE

If the *insured* has other insurance against a loss covered by Section I of this policy, we will not owe more than our pro-rata share of the total coverage available.

Any insurance we provide for losses arising out of the ownership, maintenance or use of a vehicle *you* do not own shall be excess over any other valid and collectible insurance.

## CONDITIONS

The following conditions apply to Section I:

1.  NOTICE

    As soon as possible after an occurrence, written notice must be given us or our authorized agent stating:

    (a) the identity of the *insured;*
    (b) the time, place and details of the occurrence;
    (c) the names and addresses of the injured, and of any witnesses; and
    (d) the names of the owners and the description and location of any damaged property.

    If a claim or suit is brought against an *insured*, he must promptly send us each demand, notice, summons or other process received.

2.  TWO OR MORE AUTOS

    If this policy covers two or more autos, the limit of coverage applies separately to each. An auto and an attached *trailer* are considered to be one auto.

3.  ASSISTANCE AND COOPERATION OF THE *INSURED*

    The *insured* will cooperate and assist us, if requested:

    (a) in the investigation of the occurrence;
    (b) in making settlements;
    (c) in the conduct of suits;
    (d) in enforcing any right of contribution or indemnity against any legally responsible person or organization because of *bodily injury* or property damage;
    (e) at trials and hearings;
    (f) in securing and giving evidence; and
    (g) by obtaining the attendance of witnesses.

    Only at his own cost will the *insured* make a payment, assume any obligation or incur any cost other than for first aid to others.

4.  ACTION AGAINST US

No suit will lie against us:

(a) unless the *insured* has fully complied with all the policy's terms and conditions, and

(b) until the amount of the *insured's* obligation to pay has been finally determined, either

   (i) by a final judgment against the *insured* after actual trial; or

   (ii) by written agreement of the *insured*, the claimant and us.

A person or organization or the legal representative of either, who secures a judgment or written agreement, may then sue to recover up to the policy limits.

No person or organization, including the *insured*, has a right under this policy to make us a defendant in an action to determine the *insured's* liability.

Bankruptcy or insolvency of the *insured* or his estate will not relieve us of our obligations.

**5.   SUBROGATION**

When payment is made under this policy, we will be subrogated to all the *insured's* rights of recovery against others. The *insured* will help us to enforce these rights. The *insured* will do nothing after loss to prejudice these rights.

This means we will have the right to sue for or otherwise recover the loss from anyone else who may be held responsible.

**SECTION II - AUTO MEDICAL PAYMENTS Protection For You And *Your* Passengers For Medical Expenses**

**DEFINITIONS**

The definitions of terms shown under Section I apply to this Coverage. In addition, under this Coverage, *occupying* means in or upon or entering into or alighting from.

**PAYMENTS WE WILL MAKE**

Under this Coverage, we will pay all reasonable expenses actually incurred by an *insured* within one year from the date of accident for necessary medical, surgical, x-ray, dental services, prosthetic devices, ambulance, hospital, professional nursing and funeral services. The one year limit does not apply to funeral services.

This Coverage applies to:

1.   *you* and each *relative* who sustains *bodily injury* caused by accident:

   (a) while *occupying* the *owned auto*; or

   (b) while *occupying* a non-owned auto if *you* or *your relative* reasonably believe *you* have the owner's permission to use the auto and the use is within the scope of that permission; or

   (c) when struck as a pedestrian by an auto or *trailer*.

2.   any other person who sustains *bodily injury* caused by accident while *occupying* the *owned auto* while being used by *you*, a resident of *your* household, or other persons with *your* permission.

**EXCLUSIONS**
**When Section II Does Not Apply**

1.   There is no coverage for *bodily injury* sustained by any occupant of an *owned auto* used to carry passengers or goods for hire. However, a vehicle used in an ordinary car pool on a ride sharing or cost sharing basis is covered.

2.   There is no coverage for an *insured* while *occupying* a vehicle located for use as a residence or premises.

3.   *You* and *your relatives* are not covered for *bodily injury* sustained while *occupying* or when struck by:

   (a) a farm-type tractor or other equipment designed for use principally off public roads, while not upon public roads; or

   (b) vehicle operated on rails or crawler-treads.

4.   There is no coverage for persons employed in the *auto business*, if the accident arises out of that business and if benefits are required to be provided under a worker's compensation law.

5.   There is no coverage for *bodily injury* sustained due to war.

6.   The United States of America or any of its agencies are not covered as an *insured*, a third party beneficiary, or otherwise.

7.   There is no coverage for any person who sustains *bodily injury* while *occupying* an auto being used in the business of delivering food or food products from a restaurant or retail business to a consumer.

**LIMIT OF LIABILITY**

The limit of liability for medical payments stated in the declarations as applying to "each person" is the limit we will pay for all costs incurred by or on behalf of each person who sustains *bodily injury* in one accident. This applies regardless of the number of persons insured or the number of autos or *trailers* to which this policy applies.

A-30CA (10-08)  Page 8 of 16

## OTHER INSURANCE

If the *insured* has other medical payments insurance against a loss covered by Section II of this policy, we will not owe more than our pro-rata share of the total coverage available.

Any insurance we provide to a person who sustains *bodily injury* while *occupying* a vehicle *you* do not own shall be excess over any other valid and collectible insurance.

## CONDITIONS

The following conditions apply to this Coverage:

### 1. NOTICE

As soon as possible after an accident, written notice must be given us or our authorized agent stating:

(a) the identity of the *insured*;
(b) the time, place and details of the accident; and
(c) the names and addresses of the injured, and of any witnesses.

### 2. TWO OR MORE AUTOS

If this policy covers two or more autos, the limit of coverage applies separately to each. An auto and an attached *trailer* are considered to be one auto.

### 3. ACTION AGAINST US

Suit will not lie against us unless the *insured* has fully complied with all the policy terms.

### 4. MEDICAL REPORTS - PROOF AND PAYMENT OF CLAIMS

As soon as possible, the injured person or his representative will furnish us with written proof of claim, under oath if required. After each request from us, he will give us written authority to obtain medical reports and copies of records.

The injured person will submit to an examination by doctors chosen by us and at our expense as we may reasonably require.

We may pay either the injured person, the doctor or other persons or organizations rendering medical services. These payments are made without regard to fault or legal liability of the *insured*.

### 5. SUBROGATION

When payment is made under this policy, we will be subrogated to all the *insured's* rights of recovery against others. The *insured* will help us to enforce these rights. The *insured* will do nothing after loss to prejudice these rights.

This means we will have the right to sue for or otherwise recover the loss from anyone else who may be held responsible.

## SECTION III - PHYSICAL DAMAGE COVERAGES
*Your Protection For Loss Or Damage To Your Car*

### DEFINITIONS

The definitions of terms *"auto business," "farm auto," "private passenger auto," "relative", "temporary substitute auto", "utility auto," "you,"* and *"war"* under Section I apply to Section III also. Under this Section, the following special definitions apply:

1. *"Actual cash value"* is the replacement cost of the auto or property less *depreciation* or *betterment*.

2. *"Betterment"* is improvement of the auto or property to a value greater than its pre-loss condition.

3. *"Collision"* means *loss* caused by upset of the covered auto or its collision with another object, including an attached vehicle.

4. *"Depreciation"* means a decrease or loss in value to the auto or property because of use, disuse, physical wear and tear, age, outdatedness or other causes.

5. *"Insured"* means:

(a) regarding the *owned auto*:

(i) *you* and *your relatives*;
(ii) a person or organization maintaining, using or having custody of the auto with *your* permission, if his use is within the scope of that permission.

(b) regarding a *non-owned auto*:

*you* and *your relatives*, using the auto, if the actual operation or use is with the permission or reasonably believed to be with the permission of the owner and within the scope of that permission.

6. *"Loss"* means direct and accidental loss of or damage to:

(a) an insured auto, including its equipment; or
(b) other property insured under this Section.

A-30CA (10-98)  Page 7 of 18

7. "Non-owned auto" means a *private passenger, farm or utility auto or trailer* not owned by or furnished for the regular use of either *you or your relatives*, except a *temporary substitute auto*. *You or your relative* must be using the auto or *trailer* within the scope of permission given by its owner. An auto rented or leased for more than 30 days will be considered as furnished for regular use.

8. "Owned auto" means:

(a) any vehicle described in this policy for which a specific premium charge indicates there is coverage;

(b) a *private passenger, farm or utility auto* or a *trailer*, ownership of which is acquired by *you* during the policy period or for which *you* enter into a lease during the policy period for six months or more; if

(i) it replaces an *owned auto* as described in (a) above, or

(ii) we insure all *private passenger, farm, utility autos* and *trailers* owned or leased by *you* on the date of such acquisition and *you* request us to add it to the policy within 30 days afterward;

(c) a *temporary substitute auto*.

9. "Trailer" means a trailer designed for use with a *private passenger auto* and not used as a home, office, store, display or passenger trailer.

LOSSES WE WILL PAY FOR *YOU*

Comprehensive (Excluding *Collision*)

1. We will pay for each *loss*, less the applicable deductible, caused other than by *collision* to the *owned* or *non-owned auto*. This includes glass breakage and *loss* caused by:

(a) missiles;
(b) falling objects;
(c) fire;
(d) lightning;
(e) theft;
(f) larceny;
(g) explosion;
(h) earthquake;
(i) windstorm;
(j) hail;
(k) water;
(l) flood;
(m) malicious mischief;
(n) vandalism;
(o) riot;
(p) civil commotion; or
(q) colliding with a bird or animal.

No deductible will apply to *loss* caused by fire, lightning, smoke, smudge, or damage sustained while the vehicle is being transported on any conveyance.

At the option of the *insured*, breakage of glass caused by *collision* may be paid under the Collision Coverage, if included in the policy.

2. We will pay, up to $200 per occurrence, less the applicable deductible, for *loss* to personal effects, due to:

(a) fire;
(b) lightning;
(c) flood;
(d) theft of the entire automobile;
(e) earthquake;
(f) explosion; or
(g) falling objects.

No deductible will apply to *loss* from fire or lightning.

The property must be owned by *you* or a *relative*, and must be in or upon an *owned auto*.

3. *Losses* arising out of a single occurrence shall be subject to no more than one deductible.

Collision

1. We will pay for *collision loss* to the *owned auto* or *non-owned auto* for the amount of each *loss* less the applicable deductible.

2. We will pay up to $200 per occurrence, less the applicable deductible, for *loss* to personal effects due to a *collision*. The property must be owned by *you* or a *relative*, and must be in or upon an *owned auto*.

3. *Losses* arising out of a single occurrence shall be subject to no more than one deductible.

ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE PHYSICAL DAMAGE COVERAGES

1. We will reimburse the *insured* for transportation expenses incurred during the period beginning 48 hours after a theft of the entire auto covered by Comprehensive Coverage under this policy has been reported to us and the police. Reimbursement ends when the auto is returned to use or we pay for the *loss*.

Reimbursement will not exceed $25.00 per day nor $750.00 per *loss*.

2. We will pay general average and salvage charges for which the *insured* becomes legally liable when the auto is being transported.

3. We will pay for *loss* of the following equipment (including *loss* to accessories and antennas):

(a) car phone;
(b) citizen's band radio;
(c) two-way mobile radio;
(d) device designed for the recording and/or reproduction of sound.

We will pay only if the equipment at the time of a *loss*:

(a) is permanently installed in or upon an *owned auto*; and

A-30CA (10-98) Page 8 of 18

(b)  that vehicle is insured under the appropriate coverage.

## EXCLUSIONS
### When The Physical Damage Coverages Do Not Apply

1.  An auto used to carry passengers or goods for hire is not covered.  However, a vehicle used in an ordinary car pool on a ride sharing or cost sharing basis is covered.

2.  *Loss* due to *war* is not covered.

3.  We do not cover *loss* to a *non-owned auto* when used by the *insured* in the *auto business*.

4.  There is no coverage for *loss* caused by and limited to wear and tear, freezing, mechanical or electrical breakdown or failure, unless that damage results from a covered *theft*.

5.  Tires, when they alone are damaged by *collision*, are not covered.

6.  *Loss* due to radioactivity is not covered.

7.  *Loss* to any tape, wire, record disc or other medium for use with a device designed for the recording and/or reproduction of sound is not covered.

8.  We do not cover *loss* to any radar detector.

9.  We do not cover *trailers* when used for business or commercial purposes with vehicles other than *private passenger, farm* or *utility autos.*

10. There is no coverage for a *loss* to an auto while being used in the business of delivering food or food products from a restaurant or retail business to a consumer.

## LIMIT OF LIABILITY

The limit of our liability for *loss:*

1.  is the *actual cash value* of the property at the time of the *loss;*

2.  will not exceed the cost to repair or replace the property, or any of its parts, with other of like kind and quality and will not include compensation for any diminution in the property's value that is claimed to result from the *loss;*

3.  to personal effects arising out of one occurrence is $200;

4.  to a *trailer* not owned by *you* is $500;

5.  for custom options is limited to the *actual cash value* of equipment, furnishings or finishings (including paint) installed in or upon the vehicle only by the auto factory or an authorized auto dealer and included in the purchase price of the vehicle.

*Actual cash value* of property will be determined at the time of the *loss* and will include an adjustment for *depreciation/betterment* of the property.

## OTHER INSURANCE

If the *insured* has other insurance against a *loss* covered by Section III, we will not owe more than our pro-rata share of the total coverage available.

Any insurance we provide for a vehicle *you* do not own shall be excess over any other valid and collectible insurance.

## CONDITIONS

The following conditions apply only to the Physical Damage Coverages:

### 1.  NOTICE

As soon as possible after a *loss,* written notice must be given us or our authorized agent stating:

(a)  the identity of the *insured;*
(b)  a description of the auto or *trailer;*
(c)  the time, place and details of the *loss;* and
(d)  the names and addresses of any witnesses.

In case of theft, the *insured* must promptly notify the police.

### 2.  TWO OR MORE AUTOS

If this policy covers two or more autos or *trailers,* the limit of coverage and any deductibles apply separately to each.

### 3.  ASSISTANCE AND COOPERATION OF THE INSURED

The *insured* will cooperate and assist us, if requested:

(a)  in the investigation of the *loss;*
(b)  in making settlements;
(c)  in the conduct of suits;
(d)  in enforcing any right of subrogation against any legally responsible person or organization;
(e)  at trials and hearings;
(f)  in securing and giving evidence; and
(g)  by obtaining the attendance of witnesses.

### 4.  ACTION AGAINST US

Suit will not lie against us unless the policy terms have been complied with and until 30 days after proof of loss is filed and until the amount of *loss* is determined.

A-30CA (10-98) Page 9 of 16

**5.  INSURED'S DUTIES IN EVENT OF LOSS**

In event of *loss* the *Insured* will:

(a) Protect the auto, whether or not the *loss* is covered by this policy. Further *loss* due to the *Insured's* failure to protect the auto will not be covered.  Reasonable expenses incurred for this protection will be paid by us.
(b) File with us, within 91 days after *loss*, his sworn proof of loss including all information we may reasonably require.
(c) At our request, the *Insured* will exhibit the damaged property.

**6.  APPRAISAL**

If we and the *Insured* do not agree on the amount of *loss*, either may, within 60 days after proof of loss is filed, demand an appraisal of the *loss*.  In that event, we and the *Insured* will each select a competent and disinterested umpire.  The appraisers will select a competent and disinterested umpire.  The appraisers will state separately the *actual cash value* and the amount of the *loss*.  If they fail to agree, they will submit the dispute to the umpire.  An award in writing of any two will determine the amount of *loss*.  We and the *Insured* will each pay his chosen appraiser and will bear equally the other expenses of the appraisal and umpire.

We will not waive our rights by any of our acts relating to appraisal.

**7.  PAYMENT OF LOSS**

We may at our option:

(a) pay for the *loss*; or
(b) repair or replace the damaged or stolen property.

At any time before the *loss* is paid or the property replaced, we may return any stolen property to you or to the address shown in the declarations at our expense with payment for covered damage.  We may take all or part of the property at the agreed or appraised value, but there will be no abandonment to us.  We may settle claims for *loss* either with the *Insured* or the owner of the property.

**8.  NO BENEFIT TO BAILEE**

This insurance does not apply directly or indirectly to the benefit of a carrier or other bailee for hire liable for the *loss* of the auto.

**9.  SUBROGATION**

When payment is made under this policy, we will be subrogated to all the *Insured's* rights of recovery against others.  The *Insured* will help us to enforce these rights.  The *Insured* will do nothing after *loss* to prejudice these rights.

A-30CA (10-98) Page 10 of 16

This means we will have the right to sue for or otherwise recover the *loss* from anyone else who may be held responsible.

**SECTION IV - UNINSURED MOTORISTS AND UNDERINSURED MOTORISTS COVERAGE**

**Protection for You and Your Passengers For Injuries Caused by Uninsured/Underinsured and Hit-and-Run Motorists.**

This Section applies only if a premium amount is shown on the Policy Declarations for "UM & Underinsured Motorist" Coverage.

**DEFINITIONS**

The definitions of terms for Section I apply to Section IV, except for the following special definitions:

1.  **"Hit-and-run motor vehicle"** is a motor vehicle causing *bodily injury* to an *Insured* through physical contact with him or with an auto he is *occupying* at the time of the accident and whose operator or owner cannot be identified, provided the *Insured* or someone on his behalf:

(a) reports the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles;
(b) files with us within 30 days a statement setting forth the facts of the accident and claiming that he has a cause of action for damages against an unidentified person; and
(c) makes available for inspection, at our request, the auto occupied by the *Insured* at the time of the accident.

2.  **"Insured"** means:

(a) the individual named in the declarations and his or her spouse;
(b) *relatives* of (a) above if residents of his household;
(c) any other person while *occupying* an *owned* auto;
(d) any person who is entitled to recover damages because of *bodily injury* sustained by an *Insured* under (a), (b), and (c) above.

If there is more than one *Insured*, our limits of liability will not be increased.

3.  **"Insured auto"** is an auto:

(a) described in the declarations and covered by the bodily injury liability coverage of this policy.
(b) temporarily substituted for an insured auto when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction;

(c) operated by *you* or *your* spouse if a resident of the same household.

But the term *"insured auto"* does not include:

(i) an auto used to carry passengers or goods for hire except in a car pool;

(ii) an auto being used without the owner's permission; or

(iii) under subparagraphs (b) and (c) above, an auto owned by or furnished for the regular use of any *insured*.

4. *"Occupying"* means in, upon, entering into or alighting from.

5. *"State"* includes the District of Columbia, the territories and possessions of the United States, and the Provinces of Canada.

6. *"Underinsured motor vehicle"* is a motor vehicle that is insured under a motor vehicle liability policy, or automobile liability insurance policy, self-insured, or for which a cash deposit or bond has been posted to satisfy a financial responsibility law, but insured for an amount that is less than the uninsured motorist limits carried on the motor vehicle of the injured person.

The term *"underinsured motor vehicle"* does not include:

(a) an *insured auto*;

(b) a motor vehicle owned or operated by a self insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law;

(c) a motor vehicle owned by the United States of America, and other national government, a *state*, or a political sub-division of any such government or its agencies;

(d) a land motor vehicle or *trailer* while located for use as a residence or premises and not as a vehicle; or

(e) any equipment or vehicle designed or modified for use primarily off public roads, except while actually upon public roads;

(f) any motor vehicle owned or operated by the named insured or any resident of *your* household.

7. *"Uninsured motor vehicle"* is a motor vehicle which has no bodily injury liability bond or insurance policy applicable with liability limits complying with the Financial Responsibility Law of the *state* in which the *insured motor vehicle* is principally garaged at the time of an accident. This term also includes a motor vehicle whose insurer is or becomes insolvent or denies coverage or an *underinsured motor vehicle*.

The term *"uninsured motor vehicle"* does not include:

(a) an *insured auto*;

(b) a motor vehicle owned or operated by a self-insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law;

(c) a motor vehicle owned by the United States of America, any other national government, a *state*, or a political sub-division of any such government or its agencies;

(d) a land motor vehicle or *trailer* while located for use as a residence or premises and not as a vehicle;

(e) any equipment or vehicle designed or modified for use primarily off public roads, except while actually upon public roads; or

(f) any motor vehicle owned or operated by the named insured or any resident of *your* household.

**LOSSES WE PAY**

Under this coverage, we will pay damages for *bodily injury* to an *insured*, caused by accident which the *insured* is legally entitled to recover from the owner or operator of an *uninsured motor vehicle*, *underinsured motor vehicle* or a *hit-and-run motor vehicle* arising out of the ownership, maintenance or use of that motor vehicle.

The amount of the *insured's* recovery for these damages will be determined by agreement between the *insured* or his representative and us. The dispute will be arbitrated if an agreement cannot be reached.

**EXCLUSIONS**
**When Section IV Does Not Apply**

1. This Coverage does not apply to *bodily injury* to an *insured* if the *insured* or his legal representative has made a settlement or has been awarded a judgment of his claim without our prior written consent.

2. *Bodily injury* to an *insured* while *occupying* or through being struck by an *uninsured* or *underinsured motor vehicle* owned or operated by an *insured* or a *relative* is not covered.

3. This coverage will not benefit directly or indirectly any workers' compensation insurer, self insurer or disability benefits insurer or directly benefit the United States, or any *state* or political subdivision thereof.

4. We do not cover the United States of America or any of its agencies as an *insured*, a third party beneficiary or otherwise.

5. We do not cover any person while *occupying* a vehicle described in the declarations on which Uninsured/Underinsured Motorists Coverage is not carried.

6. Regardless of any other provision of this policy, there is no coverage for punitive or exemplary damages.

A-30CA (10-98) Page 11 of 16

## LIMITS OF LIABILITY

Regardless of the number of autos or *trailers* to which this policy applies:

**1.** The limit of liability for Uninsured and Underinsured Motorists Coverage stated in the declarations as applicable to "each person" is the limit of our liability for all damages, including those for care or loss of services, due to *bodily injury* sustained by one person as the result of one accident.

**2.** The limit of liability for Uninsured and Underinsured Motorists Coverage stated in the declarations as applicable to "each accident" is, subject to the above provision respecting each person, the total limit of our liability for all such damages, including damages for care and loss of services, because of *bodily injury* sustained by two or more persons as the result of one accident.

**3.** When *bodily injury* is caused by one or more motor vehicles under this coverage, our maximum liability for providing underinsured motorists coverage shall not exceed the *Insured's* Underinsured Motorists Coverage limits, less the amount paid to the *insured* by or for any person or organization that may be held legally liable for the injury.

**4.** Underinsured Motorists Coverage does not apply to any *bodily injury* until the limits of bodily injury liability policies applicable to all *Insured autos* causing the injury have been exhausted by payment of judgments or settlements, and proof of such is submitted to us.

**5.** When coverage is afforded to two or more autos, the limits of liability shall apply separately to each auto as stated in the declarations but shall not exceed the highest limit of liability applicable to one auto.

If separate policies with us are in effect for *you* or any person in *your* household, they may not be combined to increase the limit of our liability for a loss.

The amount payable under this Coverage will be reduced by all amounts:

(a) paid by or for all persons or organizations liable for the injury;

(b) paid or payable under the Bodily Injury Coverage or Medical Payments Coverage of this policy; or

(c) paid or payable under any workers' compensation law, disability benefits law or any similar law, exclusive of non-occupational disability benefits.

## OTHER INSURANCE

When an *Insured* occupies a motor vehicle other than an *owned auto*, this Coverage shall not apply if the owner of that vehicle has insurance similar to that provided under this Coverage.

A-30CA (10-98) Page 12 of 16

Except as provided above, if the *Insured* has other similar insurance available to him and applicable to the accident, the damages will be deemed not to exceed the higher of the applicable limits of liability of this insurance and the other insurance. If the *Insured* has other insurance against a loss covered by the Uninsured Motorists provisions of this policy, we will not be liable for more than our pro-rata share of the total coverage available.

## DISPUTES BETWEEN US AND AN *INSURED*

If any *insured* making claim under this policy and we do not agree that he is legally entitled to recover damages under this Coverage from the owner or operator of an *uninsured/underinsured motor vehicle* because of *bodily injury* to the *Insured*, or do not agree as to the amount payable, either party will have the right to demand arbitration.

The matter(s) in dispute shall then be settled according to American Arbitration Association rules. One neutral arbitrator will conduct the arbitration.

Judgment on the arbitrator's award may be entered in a court having jurisdiction. The award or judgment confirming the award shall not be conclusive on any party in any action between:

(a) any *insured*, his insurer, his legal representative or his heirs, and

(b) the uninsured/underinsured motorist,

to recover damages arising out of the accident upon which the award is based. The parties may agree to be bound by the arbitrators award.

If any *insured* has or may have a right to benefits under any workers' compensation law (except for non-occupational disability benefits), the arbitration will be stopped until the *insured's* physical condition is stationary and stable. If the *insured* claims a permanent disability, that claim shall, unless good cause is shown, be settled by judicial award or compromise and release before arbitration may go on.

Any demand for arbitration shall contain a statement, under penalty of perjury, stating whether:

(a) the *insured* has a workers' compensation claim;

(b) that there has been an award or settlement on the case on all issues reasonably contemplated to arise in that claim; and

(c) if not, what good cause reasons exist for the arbitration to go on immediately.

## TRUST AGREEMENT

When we make a payment under this Coverage:

**1.** We will be entitled to repayment of that amount out of any settlement or judgment any *Insured* recovers

from any person or organization legally responsible for the *bodily injury* or the insurer of such person or organization.

**2.** Any *insured* claiming benefits will hold in trust for our benefit all rights of recovery which he may have against any person or organization responsible for these damages. He will do whatever is necessary to secure all rights of recovery and will do nothing after the loss to prejudice these rights.

**3.** At our written request, any *insured* claiming benefits, in his own name, will take through a designated representative appropriate actions necessary to recover payment for damages from the legally responsible person or organization. That *insured* will pay us out of the recovery for our expenses, costs and attorneys' fees.

**4.** Any *insured* claiming benefits will execute and furnish us with any needed documents to secure his and our rights and obligations.

**CONDITIONS**

The following Conditions apply only to the Uninsured Motorists Coverage:

**1. NOTICE**

As soon as possible after an accident, notice must be given us or our authorized agent stating:

    (a) the identity of the *Insured*;
    (b) the time, place and details of the accident; and
    (c) the names and addresses of the injured, and of any witnesses.

If any *insured* or his legal representative files suit before we make a settlement under this Coverage, he must immediately provide us with a copy of the pleadings.

If the *insured* brings an action against the owner or operator of an *underinsured motor vehicle*, he shall give to us a copy of the complaint by personal service or certified mail. All pleadings and depositions shall be made available for copying or copies furnished to us, at our expense, within a reasonable time.

**2. ASSISTANCE AND COOPERATION OF THE *INSURED***

After we receive notice of a claim, we may require any *insured* to take any action necessary to preserve his recovery rights against any allegedly legally responsible person or organization. We may require that *insured* to make that person or organization a defendant in any action against us.

**3. CLAIMS NOT SETTLED WITHIN ONE YEAR OF DATE OF ACCIDENT**

California law provides that any claim for uninsured/underinsured benefits provided by this policy expires one year after the accident unless one of the following actions is taken within one year from the date of the accident:

    a) suit is filed for *bodily injury* against the uninsured motorist in a court of competent jurisdiction,
    b) agreement is reached with us as to the amount due under the policy, or
    c) we are notified in writing, by certified mail, return receipt requested, that formal arbitration is demanded.

If one of these events does not occur within one year following the date of the accident, we will not be liable for any further uninsured/underinsured benefits or claims based upon injuries sustained in the accident.

**4. PROOF OF CLAIM – MEDICAL REPORTS**

As soon as possible, any *insured* or other person making claim must give us written proof of claim, under oath if required. This will include details of the nature and extent of injuries, treatment, and other facts which may affect the amount payable.

Proof of claim must be made on forms furnished by us unless we have not furnished these forms within 15 days after receiving notice of claim.

The injured person will submit to examination by doctors chosen by us, at our expense, as we may reasonably require. In the event of any *insured's* incapacity or death, his legal representative must, at our request, authorize us to obtain medical reports and copies of records.

**5. PAYMENT OF LOSS**

Any amount due is payable:

    (a) to any *insured* claiming benefits or his authorized representative;
    (b) if any *insured* claiming benefits is a minor, to his parent or guardian; or
    (c) if any *insured* having a claim for benefits is deceased, to his surviving spouse; otherwise
    (d) to a person authorized by law to receive the payment; or to a person legally entitled to recover payment for the damages.

We may, at our option, pay an amount due in accordance with (d) above.

A-30CA (10-98) Page 13 of 16

**SECTION V - GENERAL CONDITIONS These Conditions Apply To All Coverages In This Policy.**

**1. TERRITORY**

This policy applies only to accidents, occurrences or losses during the policy period within the United States of America, its territories or possessions, or Canada or when the auto is being transported between ports thereof.

**2. PREMIUM**

When *you* dispose of, acquire ownership of, or replace a *private passenger, farm* or *utility auto*, any necessary premium adjustment will be made as of the date of the change and in accordance with our manuals.

**3. CHANGES**

The terms and provisions of this policy cannot be waived or changed, except by an endorsement issued to form a part of this policy.

We may revise this policy during its term to provide more coverage without an increase in premium. If we do so, *your* policy will automatically include the broader coverage when effective in *your* state.

The premium for each auto is based on the information we have in *your* file. *You* agree:

    (a) that we may adjust *your* policy premiums during the policy term if any of this information on which the premiums are based is incorrect, incomplete or changed;
    (b) that *you* will cooperate with us in determining if this information is correct and complete, and
    (c) that *you* will notify us of any changes in this information.

Any calculation or recalculation of *your* premium or changes in *your* coverage will be based on the rules, rates and forms on file, if required, for our use in *your* state.

**4. ASSIGNMENT**

*Your* rights and duties under this policy may not be assigned without our written consent.

If *you* die, this policy will cover *your* surviving spouse if covered under the policy prior to *your* death. Until the expiration of the policy term, we will also cover:

    (a) the executor or administrator of *your* estate, but only while operating an *owned auto* and only while acting within the scope of his duties;
    (b) any person having proper custody of and operating an *owned auto*, as an *insured*, until the appointment and qualification of the executor or administrator of *your* estate.

A-30CA (10-06) Page 14 of 16

**5. POLICY PERIOD**

Unless otherwise cancelled, this policy will expire as shown in the declarations. But, it may be continued by our offer to renew and *your* acceptance prior to the expiration date. Each period will begin and expire at 12:01 A.M. standard time at *your* address stated in the declarations.

**6. CANCELLATION BY THE *INSURED***

*You* may cancel this policy by providing notice to us stating when, after the notice, cancellation will be effective.

If this policy is cancelled, *you* may be entitled to a premium refund. The premium refund, if any, will be computed according to our manuals.

**7. CANCELLATION BY US**

We may cancel this policy by mailing to *you*, at the address shown in this policy, written notice stating when the cancellation will be effective.

We will mail this notice:

    (a) 10 days in advance if the proposed cancellation is for nonpayment of premium or any of its installments when due;
    (b) 10 days in advance if the policy has been in effect less than 60 days at the time notice is mailed and is not a renewal;
    (c) 20 days in advance in all other cases.

The mailing or delivery of the above notice will be sufficient proof of notice. The policy will cease to be in effect as of the date and hour stated in the notice.

If this policy is cancelled, *you* may be entitled to a premium refund. The premium refund, if any, will be computed according to our manuals.

Payment or tender of unearned premium is not a condition of cancellation.

**8. CANCELLATION BY US IS LIMITED**

We will not cancel this policy except for any of the following reasons:

    (a) *You* do not pay the initial or any additional premium for this policy or fail to pay any premium installment when due to us or our agent.
    (b) Fraud or material misrepresentation made by an *insured* in obtaining the policy, continuing the policy or in presenting a claim under the policy.
    (c) A substantial increase in the hazard insured against.

## 9. RENEWAL

We will not refuse to renew this policy unless written notice of our refusal to renew is mailed to *you*, at the address shown in this policy, at least 30 days prior to the expiration date. The mailing or delivery of this notice by us will be sufficient proof of notice. This policy will expire without notice if any of the following exist:

a) *You* do not pay any premium as we require to renew this policy.

b) *You* have informed us or our agent that *you* wish the policy to be cancelled or not renewed.

c) *You* do not accept our offer to renew.

We will only nonrenew this policy if one of the reasons listed in Condition 6., "Cancellation By Us Is Limited", exists.

If we fail to send *you* notice of refusal to renew at the appropriate time, *your* policy will remain in effect for 30 days from the date that the proper notice is mailed.

## 10. OTHER INSURANCE

If other insurance is obtained on *your* insured auto, any similar insurance afforded under this policy for that auto will terminate on the effective date of the other insurance.

## 11. DISPOSAL OF VEHICLE

If *you* relinquish possession of a leased vehicle or if *you* sell or relinquish ownership of an *owned auto*, any coverage provided by this policy will terminate on the date *you* do so.

## 12. DIVIDEND PROVISION

*You* are entitled to share in a distribution of the surplus of the company as determined by its Board of Directors from time to time.

## 13. DECLARATIONS

By accepting this policy, *you* agree that:

(a) the statements in *your* application and in the declarations are *your* agreements and representations;

(b) this policy is issued in reliance upon the truth of these representations; and

(c) this policy, along with the application and declaration sheet, embodies all agreements relating to this insurance. The terms of this policy cannot be changed orally.

## 14. FRAUD AND MISREPRESENTATION

Coverage is not provided to any person who knowingly conceals or misrepresents any material fact or circumstance relating to this insurance:

(a) at the time application is made; or

(b) at any time during the policy period; or

(c) in connection with the presentation or settlement of a claim.

## 15. EXAMINATION UNDER OATH

The *insured* or any other person seeking coverage under this policy must submit to examination under oath by any person named by us when and as often as we may require.

## 16. TERMS OF POLICY CONFORMED TO STATUTES

Any terms of this policy in conflict with the statutes of California are amended to conform to those statutes.

A-30CA (10-08)  Page 16 of 16

## SECTION VI - AMENDMENTS AND ENDORSEMENTS

**1.    Special Endorsement - United States Government Employees**

A.  Under the Property Damage Coverage of Section I, we provide coverage to United States Government employees, civilian or military, using

    1.  motor vehicles owned or leased by the United States Government or any of its agencies, or
    2.  rented motor vehicles used for United States Government business,

when such use is with the permission of the United States Government.  Subject to the limits described in paragraph B below, we will pay sums *you* are legally obligated to pay for damage to these vehicles.

B.  The following limits apply to this Coverage:

    1.  A $100 deductible applies to each occurrence.
    2.  For vehicles described in A.1. above, our liability shall not exceed the lesser of the following:

    a.  The *actual cash value* of the property at the time of the occurrence; or
    b.  The cost to repair or replace the property, or any of its parts with other of like kind and quality; or
    c.  Two months basic pay of the *insured*; or
    d.  The limit of Property Damage liability coverage stated in the declarations.

3.  For vehicles described in A.2. above, our liability shall not exceed the lesser of the following:

    a.  The *actual cash value* of the property at the time of the occurrence; or
    b.  The cost to repair or replace the property, or any of its parts with other of like kind and quality; or
    c.  The limit of Property Damage liability coverage stated in the declarations.

This insurance is excess over other valid and collectible insurance.

W.C.E. Robinson
Secretary

O. M. Nicely
President

HOME OFFICE - 5260 Western Avenue
Chevy Chase, Maryland 20815-3799

A-30CA (10-98)  Page 16 of 16

# GEICO

## Automobile Policy Amendment
California

*Policy Number:*

*Your policy is amended as follows:*

**SECTION I - LIABILITY COVERAGES**

**DEFINITIONS**

The following definitions are revised as follows:

1.  *Auto business* means the business of selling, repairing, renting, leasing, brokering, servicing, storing, transporting or parking of autos.

3.  *Farm auto* means a truck type vehicle with a gross vehicle weight of 10,000 pounds or less, not used for commercial purposes other than farming.

11. *Utility auto* means a vehicle, other than a *farm auto*, with a gross vehicle weight of 10,000 pounds or less of the pick-up body, van or panel truck type not used for commercial purposes.

13. *You* and *your* means the named insured shown in the declarations or his or her spouse or registered domestic partner if a resident of the same household.

The following definition is added:

14. *Personal vehicle sharing program* means a business, organization, network or group facilitating the sharing of private passenger vehicles for use by individuals or businesses.

**ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE LIABILITY COVERAGES**

Item 3 is revised as follows:

3.  Interest calculated on that part of a judgment that is within our limit of liability and accruing:

    (a) Before the judgment, where owed by law, and until we pay, offer to pay or deposit in court the amount due under this coverage;

    (b) After the judgment, and until we pay, offer to pay or deposit in court, the amount due under this coverage.

After item 5 the following sentence is added:

6.  We will upon request by an *insured*, provide reimbursement for the following items:

Items 6, 7, and 8 are renumbered and revised as follows:

    (a) Costs incurred by any *insured* for first aid to others at the time of an accident involving an *owned auto* or *non-owned auto*.

    (b) Loss of earnings up to $50 a day, but not other income, if we request an *insured* to attend hearings and trials.

    (c) All reasonable costs incurred by an *insured* at our request.

**EXCLUSIONS**

**When Section I Does Not Apply**

The first two paragraphs are revised as follows:

We will not pay damages if any one of the following exclusions 1 through 19 applies.

We will neither pay damages nor defend any suit for damages if one or more of exclusions 1 through 8, 10, or 14 through 20 applies.

The following exclusions are added:

14. *Bodily injury* or property damage that results from nuclear exposure or explosion including resulting fire, radiation or contamination is not covered.

15. *Bodily injury* or property damage that results from bio-chemical attack or exposure to bio-chemical agents released as a result of an act of terrorism is not covered.

16. We do not cover any liability assumed under any contract or agreement.

17. We do not cover *bodily injury* or property damage that results from the operation of a *non-owned auto* or *temporary substitute auto* that is designed for use principally off public roads that is not registered for use on public roads.

18. There is no coverage under this Section for any person or organization while any motor vehicle is operated, maintained or used as part of personal vehicle sharing facilitated by a *personal vehicle sharing program*.

19. There is no coverage for *bodily injury* or property damage caused by a motor vehicle driven in or preparing for any racing, speed or demolition contest or stunting activity of any nature, whether or not prearranged or organized.

A64CA (03-13)   Page 1 of 5

20. There is no coverage for *bodily injury* or property damage arising or resulting from the operation or use of a motor vehicle on a track designed primarily for racing or high speed driving. This does not apply if the motor vehicle is being used in connection with an activity other than racing, high speed driving or any competitive driving.

## SECTION II - AUTO MEDICAL PAYMENTS

### EXCLUSIONS

**When Section II Does Not Apply**

The following exclusions are added:

8. There is no coverage for *bodily injury* that results from nuclear exposure or explosion including resulting fire, radiation or contamination.

9. There is no coverage for *bodily injury* that results from bio-chemical attack or exposure to bio-chemical agents released as a result of an act of terrorism.

10. There is no coverage for *bodily injury* that results from the operation of a *non-owned auto* or *temporary substitute auto* that is designed for use principally off public roads that is not registered for use on public roads.

11. There is no coverage under this Section for any person or organization while any motor vehicle is operated, maintained or used as part of personal vehicle sharing facilitated by a *personal vehicle sharing program*.

12. There is no coverage for *bodily injury* caused by a motor vehicle driven in or preparing for any racing, speed or demolition contest or stunting activity of any nature, whether or not prearranged or organized.

13. There is no coverage for *bodily injury* caused by the operation or use of a motor vehicle on a track designed primarily for racing or high speed driving. This does not apply if the motor vehicle is being used in connection with an activity other than racing, high speed driving or any competitive driving.

### CONDITIONS

Condition 5 SUBROGATION is replaced with the following: .

5. **REIMBURSEMENT AGREEMENT AND OFFSET PROVISION. OUR RIGHT TO RECOVER PAYMENT.**

When any *insured* has been paid by us under this policy provision and also recovers from another person, entity, or organization, we shall be entitled to reimbursement of the amount of our payment, as provided in this Section. We will seek reimbursement regardless of whether the *insured* (or his or her estate, parent or legal guardian) was paid for all damages arising from the loss or whether or not the *insured* was made whole.

Our right to reimbursement applies to any payments received by the *insured* and to payments to be received by the *insured* that arise from but are not limited to any one or more of the following:

(a) Any award, judgment or settlement that may result from the exercise of any rights of recovery of the *insured* against any person, entity, or organization that the *insured* claims is responsible for *bodily injury* to the *insured* for which payment under Auto Medical Payments coverage has been made.

(b) Any payment received, or to be received, by or on behalf of an *insured* under the provisions of any:

(i) Automobile, premises or other insurance coverage affording benefits for medical coverage;

(ii) Individual blanket or group accident, disability or hospitalization insurance;

(iii) Medical, surgical, hospital or funeral service benefits or reimbursement plan; or

(iv) Workers' compensation or disability benefits law or any similar law.

Prior to payment being made under this coverage, each party, including the representative and/or insurer of that party, whose act allegedly caused the *bodily injury* may be notified of this reimbursement agreement. If an award or judgment against, or settlement with, any party that the *insured* claimed was responsible for the *bodily injury* has been concluded, then the amounts we owe under this coverage shall be reduced by the amount of that award, judgment or settlement.

## SECTION III - PHYSICAL DAMAGE COVERAGES

### DEFINITIONS

The definition of *personal vehicle sharing program* under Section I applies to Section III also.

Definition 9 *Trailer* is revised as follows:

9. *Trailer* means a trailer of the flatbed variety designed for use with a *private passenger auto* and not used as a home, residence, office, store, display or passenger trailer. *Trailer* does not mean a trailer with built-in sleeping facilities designed for recreational or camping use.

A54CA (03-13)    Page 2 of 5                    Policy Number:

The following definitions are added:

10. **Custom parts or equipment** means paint, equipment, devices, accessories, enhancements, and changes, other than those which are original manufacturer installed, which:

    (a) Are permanently installed or attached; or

    (b) Alter the appearance or performance of a vehicle.

This includes any electronic equipment, antennas, and other devices used exclusively to send or receive audio, visual, or data signals, or to play back recorded media, other than those which are original manufacturer installed, that are permanently installed in the **owned auto** or a newly acquired vehicle using bolts or brackets, including slide-out brackets.

11. **Child Passenger Restraint System** means a child passenger restraint system that meets Federal Motor Vehicle Safety Standards as required under the Vehicle Code of California Division 12, Chapter 5, Article 3.3 §27360.

**ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE PHYSICAL DAMAGE COVERAGES**

The following paragraph is added:

4. We will pay for the replacement of any **child passenger restraint system** that is damaged in a covered **loss**.

**EXCLUSIONS**

**When The Physical Damage Coverages Do Not Apply**

The following exclusions are added:

11. There is no coverage for **loss** that results from nuclear exposure or explosion including resulting fire, radiation or contamination.

12. There is no coverage for **loss** that results from bio-chemical attack or exposure to bio-chemical agents released as a result of an act of terrorism.

13. We do not cover **loss** for **custom parts or equipment** unless the existence of those **custom parts or equipment** has been previously reported to us and an endorsement to the policy has been added.

14. There is no coverage for any liability assumed under any contract or agreement.

15. There is no coverage for **loss** resulting from:

    (a) The acquisition of a stolen vehicle;

    (b) Any governmental, legal or other action to return a vehicle to its legal, equitable, or beneficial owner, or anyone claiming an ownership interest in the vehicle;

    (c) Any confiscation, seizure or impoundment of a vehicle by governmental authorities; or

    (d) The sale of an **owned auto**.

16. There is no coverage for the destruction, impoundment, confiscation or seizure of a vehicle by governmental or civil authorities due to its use by **you**, a **relative** or a permissive user of the vehicle in illegal activity.

17. We do not cover **loss** that results from the operation of a **non-owned auto** or **temporary substitute auto** that is designed for use principally off public roads that is not registered for use on public roads.

18. There is no coverage under this Section for any person or organization while any motor vehicle is operated, maintained or used as part of personal vehicle sharing facilitated by a **personal vehicle sharing program**.

19. There is no coverage for any **loss** caused by participation in or preparing for any racing, speed, or demolition contest or stunting activity of any nature, whether or not prearranged.

20. There is no coverage for any **loss** caused by the operation or use of a motor vehicle on a track designed primarily for racing or high speed driving. This does not apply if the motor vehicle is being used in connection with an activity other than racing, high speed driving or any competitive driving.

**LIMIT OF LIABILITY**

Paragraph 2 is replaced with the following:

2. will not exceed the prevailing competitive price to repair or replace the property at the time of **loss**, or any of its parts, including parts from non-original equipment manufacturers, with other of like kind and quality and will not include compensation for any diminution of value claimed to result from the **loss**. Although **you** have the right to choose any repair facility or location, the limit of liability for repair or replacement of such property is the prevailing competitive price, which is the price we can secure from a competent and conveniently located repair facility. At **your** request, we will identify a repair facility that will perform the repairs at the prevailing competitive price.

Paragraph 5 is replaced with the following:

5. For **custom parts or equipment** is limited to the **actual cash value** of the custom parts or equipment, not to exceed the **actual cash value** of the vehicle.

AS4CA (03-13)    Page 3 of 5        Policy Number:

CONDITIONS

4.  ACTION AGAINST US

The following paragraph is added:

If we retain salvage, we have no duty to preserve or otherwise retain the salvage for any purpose, including as evidence for any civil or criminal proceeding. If *you* ask us immediately after a *loss* to preserve the salvage for inspection, we will do so for a period not to exceed 30 days. *You* may purchase the salvage from us if *you* wish.

Condition 10 Assignment is added:

10. ASSIGNMENT

With respect to Section III, Physical Damage Coverages, an Assignment of interest under this policy will not bind us without our consent. Any nonconforming assignment shall be void and invalid. Moreover, the assignee of a nonconforming assignment shall acquire no rights under this contract and we shall not recognize any such assignment.

SECTION IV – UNINSURED MOTORISTS AND UNDERINSURED MOTORISTS COVERAGE

EXCLUSIONS

When Section IV Does Not Apply

Exclusion 2 is replaced as follows:

2.  *Bodily injury* to an *insured* while occupying or through being struck by an *uninsured motor vehicle* or *underinsured motor vehicle* owned or operated by an *insured* or a *relative* is not covered, except when the *injured insured's* vehicle is being operated, or caused to be operated, by a person without the *injured insured's* consent in connection with criminal activity that has been documented in a police report and that the *injured insured* is not a party to.

The following exclusions are added:

7.  *Bodily injury* that results from nuclear exposure or explosion including resulting fire, radiation or contamination is not covered.

8.  *Bodily injury* that results from bio-chemical attack or exposure to bio-chemical agents released as an act of terrorism is not covered.

9.  This coverage does not apply to any liability assumed under any contract or agreement.

10. There is no coverage for *bodily injury* or property damage sustained by an *insured* while operating or *occupying* a motor vehicle owned by or available for the regular use of *you* or any *relative* and which is not insured under the liability coverage of this policy.

11. There is no coverage under this Section for any person or organization while any motor vehicle is operated, maintained or used as part of personal vehicle sharing facilitated by a *personal vehicle sharing program*.

12. There is no coverage for *bodily injury* or property damage caused by an *insured's* participation in or preparing for any racing, speed, or demolition contest or stunting activity of any nature, whether or not prearranged.

13. There is no coverage for *bodily injury* or property damage caused by an *insured's* operation or use of a motor vehicle on a track designed primarily for racing or high speed driving. This does not apply if the motor vehicle is being used in connection with an activity other than racing, high speed driving or any competitive driving.

LIMITS OF LIABILITY

Paragraph 4 is replaced as follows:

4.  Underinsured Motorists Coverage does not apply to any *bodily injury* until the limits of bodily injury liability policies applicable to all insured autos causing the injury have been exhausted by payment of judgments or settlements, and proof of such is submitted to us.

CONDITIONS

Condition 3 is replaced as follows:

3.  CLAIMS NOT SETTLED WITHIN TWO YEARS OF DATE OF ACCIDENT

California law provides that any *bodily injury* claim for uninsured/underinsured benefits provided by this policy expires two years after the accident unless one of the following actions is taken within two years from the date of the accident:

(a) Suit is filed for *bodily injury* against the uninsured motorist in a court of competent jurisdiction,

(b) Agreement is reached with us as to the amount due under the policy, or

(c) We are notified in writing, by certified mail, return receipt requested, that formal arbitration is demanded.

If one of these events does not occur within two years following the date of the accident, we will not be liable for any further uninsured/underinsured benefits or claims based upon injuries sustained in the accident.

A54CA (03-13)    Page 4 of 5                    Policy Number:

**SECTION V - GENERAL CONDITIONS**

The following conditions are revised as follows:

4.  **ASSIGNMENT**

    Your rights and duties under this policy may not be assigned without our written consent. If *you* die, this policy will cover *your* surviving spouse or registered domestic partner if covered under the policy prior to *your* death. Until the expiration of the policy term, we will also cover:

    (a) The executor or administrator of *your* estate, but only while operating an *owned auto* and while acting within the scope of his duties; and

    (b) Any person having proper custody of and operating the *owned auto*, as an *insured*, until the appointment and qualification of the executor or administrator of *your* estate.

7.  **CANCELLATION BY US.** Item (b) is deleted.

8.  **CANCELLATION BY US IS LIMITED**

    We will not cancel except for any of the following reasons:

    (a) Nonpayment of premium;

    (b) Fraud or material misrepresentation affecting the policy or *insured*;

    (c) A substantial increase in the hazard insured against.

The following condition is added:

17. **CHOICE OF LAW**

    The policy and any amendment(s) and endorsement(s) are to be interpreted pursuant to the laws of the state of California.

We affirm this amendment.

W. C. E. Robinson
Secretary

O. M. Nicely
President

A54CA (03-13)        Page 5 of 5        Policy Number:

Apr 07 2016 12:30:00    10772931457    →    857846116098595946000 Geico    Page 827

# GEICO

**Automobile Policy Amendment**
Emergency Road Service Coverage

Policy Number:

Your policy provisions are amended as follows:

**SECTION III**

**PHYSICAL DAMAGE COVERAGES**

Emergency Road Service

We will pay reasonable expenses an *Insured* incurs for the *owned* or *non-owned auto*, for:

1. mechanical labor up to one hour at the place of breakdown;
2. lockout services up to $100 per lockout if keys to the auto are lost, broken or accidentally locked in the auto;
3. if it will not run, towing to the nearest repair facility where the necessary repairs can be made;
4. towing it out if it is stuck on or immediately next to a public highway;
5. delivery of gas, oil, loaned battery, or change of tire. WE DO NOT PAY FOR THE COST OF THE GAS, OIL, LOANED BATTERY, OR TIRE(S).

**OBTAINING SERVICE UNDER THIS AMENDMENT**

You may secure service under this amendment in the following manner:

**SIGN AND DRIVE**

The first method, called sign and drive, features a toll-free number in which the *Insured* calls a GEICO Emergency Road Service representative who will dispatch a service vendor. Upon verification of Emergency Road Service (ERS) coverage, reasonable and necessary charges for covered services provided will be automatically billed to the Company by the Service vendor. The *Insured* need only sign a receipt at the time of service which authorizes the company to directly pay the service vendor. Any additional mileage, other fees not specifically addressed above, or lockout services in excess of $100 will be at the *Insured's* expense.

**HIRED SERVICES**

The second method occurs when the *Insured* does not use the sign and drive feature described above and hires services without prior approval from the Emergency Road Service (ERS) Department. Upon verification of Emergency Road Service (ERS) coverage, for covered services provided, up to a limit of $50 will apply. Lockout services are limited to $100. Requests for reimbursement must be accompanied by an original itemized receipt and must be submitted within 80 days of service.

There will be a limit of one reimbursement per disablement.

We affirm this amendment.

W. C. E. Robinson
Secretary

O. M. Nicely
President

CRA-115 (04-08)

Apr 07 2016 12:38:21    18772931457    →    8578461168985946888 Geico    Page 828

# GEICO

GEICO Indemnity Company
Policy Number:

**AUTOMOBILE POLICY AMENDMENT**

*RENTAL REIMBURSEMENT AMENDMENT*

We agree with you that the policy is amended as follows:

**SECTION III - PHYSICAL DAMAGE COVERAGES**

The following coverage is added:

**Coverage-Rental Reimbursement**

When there is a *loss* to an *owned auto* for which a specific premium charge indicates that rental reimbursement coverage is afforded:

We will reimburse the *insured* toward costs the *insured* incurs to rent an auto. Reimbursement will not exceed the limits described in the declarations and payment will be limited to a reasonable and necessary period of time required to repair or replace the *owned auto*. This coverage applies only if:

1. The *owned auto* is withdrawn from use for more than 24 consecutive hours, and
2. The *loss* to the *owned auto* is covered under comprehensive or collision coverage of this policy.

When there is a total theft of the entire auto, we will reimburse the *insured* toward costs the insured incurs to rent an auto, subject to the following limitations:

1. This coverage will reimburse the *insured* for reasonable rental expenses beginning 48 hours after a theft of the entire vehicle covered under the comprehensive coverage of this policy; and
2. This coverage may be used to reimburse reasonable rental expenses in excess of those provided by Section III of the policy if and to the extent the coverage limits under rental reimbursement exceed those provided in Section III of the policy. In that event, the amount payable under this amendment is the amount by which this coverage exceeds those described in Section III of the policy; and
3. Subject to number 2 above, in no event shall the total amount payable under both this coverage and the supplemental coverage in Section III of the policy exceed the daily limit of coverage provided by this amendment.

Reimbursement for rental charges shall end the earliest of when the *owned auto* has been:

1. Returned to *you*;
2. Repaired;
3. Replaced; or
4. If the *owned auto* is deemed by us to be a total loss, then seventy two (72) hours after we pay the applicable limit of liability under Section III.

No deductible applies to this coverage.

The coverage provided by this amendment is subject to all the provisions and conditions of SECTION III of the policy.

The COMPANY affirms this amendment.


W. C. E. Robinson
Secretary


O. M. Nicely
President


CRA-431 (08-08)

RI-ADR001-INFO



SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
www.riverside.courts.ca.gov

**Self-represented parties:** https://www.riverside.courts.ca.gov/SelfHelp/self-help.php

---

### ALTERNATIVE DISPUTE RESOLUTION (ADR) –
### *INFORMATION PACKAGE*

### *** THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE
### ON EACH PARTY WITH THE COMPLAINT. ***

---

### What is ADR?
Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. The main types are mediation, arbitration, and settlement conferences.

### Advantages of ADR:
- Faster:  ADR can be done in a 1-day session within months after filing the complaint.
- Less expensive:  Parties can save court costs and attorneys' and witness fees.
- More control:  Parties choose their ADR process and provider.
- Less stressful:  ADR is done informally in private offices, not public courtrooms.

### Disadvantages of ADR:
- No public trial:  Parties do not get a decision by a judge or jury.
- Costs:  Parties may have to pay for both ADR and litigation.

### Main Types of ADR:

**Mediation:**   In mediation, the mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to create a settlement agreement that is acceptable to everyone.  If the parties do not wish to settle the case, they go to trial.

Mediation may be appropriate when the parties:
- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

Mediation is not appropriate when the parties:
- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's decision is final; there is no right to trial.  In "non-binding" arbitration, any party can request a trial after the arbitrator's decision.  The court's mandatory Judicial Arbitration program is non-binding.

**Page 1 of 2**

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR001-INFO [Rev. 06/10/21]

Arbitration may be appropriate when the parties:
- ☞ want to avoid trial, but still want a neutral person to decide the outcome of the case.

Arbitration is not appropriate when the parties:
- ☞ do not want to risk going through both arbitration and trial (Judicial Arbitration)
- ☞ do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:** Settlement conferences are similar to mediation, but the settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial. Settlement conferences often involve attorneys more than the parties and often take place close to the trial date.

## RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS

ADR Information and forms are posted on the ADR website:
https://www.riverside.courts.ca.gov/Divisions/ADR/ADR.php

**General Policy:**
Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial. (Local Rule 3200)

**Court-Ordered ADR:**
Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

**Private ADR (for cases not ordered to arbitration or mediation):**
Parties schedule and pay for their ADR process without Court involvement. Parties may schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the "Private Mediation Information Sheet" on the ADR website for more information.

**BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:**
1. Discuss ADR with all parties at least 30 days before the CMC. Discuss:
   - ☞ Your preferences for mediation or arbitration.
   - ☞ Your schedule for discovery (getting the information you need) to make good decisions about settling the case at mediation or presenting your case at an arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.

(Local Rule 3218)

**RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:**
- ☞ The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation). See https://adr.riverside.courts.ca.gov/Home/CivilMedPanel or ask for the list in the civil clerk's office, attorney window.
- ☞ Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act):
  Dispute Resolution Service (DRS) Riverside County Bar Association:  (951) 682-1015
  Dispute Resolution Center, Community Action Partnership (CAP):  (951) 955-4900
  Chapman University School of Law Mediation Clinic (services only available at the court)

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR001-INFO [Rev. 06/10/21]

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ **MORENO VALLEY** 13800 Heacock St. #D201, Moreno Valley, CA 92553

☐ **MURRIETA** 30755-D Auld Rd., Murrieta, CA 92563
☐ **PALM SPRINGS** 3255 Tahquitz Canyon Way, Palm Springs, CA 92262
☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

**RI-ADR001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:                FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | |
| PLAINTIFF/PETITIONER: <br><br> DEFENDANT/RESPONDENT: | CASE NUMBER: <br><br> CASE MANAGEMENT CONFERENCE DATE(S): |

| STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR) <br> (CRC 3.2221; Local Rule, Title 3, Division 2) |
|---|

**Court-Ordered ADR:**

Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference.  If eligible, the parties agree to participate in:

☐ Mediation          ☐ Judicial Arbitration (non-binding)

**Private ADR:**

If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐ Mediation          ☐ Judicial Arbitration (non-binding)
☐ Binding Arbitration   ☐ Other (describe): _____

Proposed date to complete ADR: _____

**SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.**

_____          _____          _____
(PRINT NAME OF PARTY OR ATTORNEY)              (SIGNATURE OF PARTY OR ATTORNEY)              (DATE)
☐ Plaintiff  ☐ Defendant

_____          _____          _____
(PRINT NAME OF PARTY OR ATTORNEY)              (SIGNATURE OF PARTY OR ATTORNEY)              (DATE)
☐ Plaintiff  ☐ Defendant

_____          _____          _____
(PRINT NAME OF PARTY OR ATTORNEY)              (SIGNATURE OF PARTY OR ATTORNEY)              (DATE)
☐ Plaintiff  ☐ Defendant

_____          _____          _____
(PRINT NAME OF PARTY OR ATTORNEY)              (SIGNATURE OF PARTY OR ATTORNEY)              (DATE)
☐ Plaintiff  ☐ Defendant

**Page 1 of 1**

Adopted for Mandatory Use
Riverside Superior Court
Form RI-ADR001 [Rev. 01/01/12]
[Reformatted 06/01/16]

**ALTERNATIVE DISPUTE RESOLUTION
(ADR) STIPULATION**

Statutory Authority
riverside.courts.ca.gov/localfrms/localfrms.shtml

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**   CVRI2104801

**Case Name:**   MCGRANAHAN vs GEICO INDEMNITY COMPANY

ERIC I RYANEN
2677 N. MAIN STREET, SUITE 225
Santa Ana, CA 92705

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 04/19/2022 | 8:30 AM | Department 4 |
| Location of Hearing: | | |
| 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 10/21/2021

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _L. Villanueva_

L. Villanueva, Deputy Clerk

CI-NOCMC
(Rev. 03/06/20)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:** CVRI2104801

**Case Name:** MCGRANAHAN vs GEICO INDEMNITY COMPANY

MICHAEL MCGRANAHAN

### NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 04/19/2022 | 8:30 AM | Department 4 |
| Location of Hearing: | | |
| **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case. CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

| | |
|---|---|
|  | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 10/21/2021

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____
L. Villanueva, Deputy Clerk

CI-NOCMC
(Rev. 03/06/20)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**   CVRI2104801

**Case Name:**   MCGRANAHAN vs GEICO INDEMNITY COMPANY

GEICO INDEMNITY COMPANY

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 04/19/2022 | 8:30 AM | Department 4 |

| Location of Hearing: |
|---|
| **4050 Main Street, Riverside, CA 92501** |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.




Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.)

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 10/21/2021

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _L. Villanueva_

L. Villanueva, Deputy Clerk

CI-NOCMC
(Rev. 03/06/20)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**    CVRI2104801

**Case Name:**    MCGRANAHAN vs GEICO INDEMNITY COMPANY

GEICO GENERAL INSURANCE COMPANY

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 04/19/2022 | 8:30 AM | Department 4 |
| Location of Hearing: **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.





Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.)

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 10/21/2021

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _L. Villanueva_

L. Villanueva, Deputy Clerk

CI-NOCMC
(Rev. 03/06/20)

Notice has been printed for the following Firm/Attorneys or Parties: CVRI2104801

RYANEN, ERIC I
2677 N. MAIN STREET, SUITE 225
Santa Ana, CA 92705

MCGRANAHAN, MICHAEL

GEICO GENERAL INSURANCE COMPANY

GEICO INDEMNITY  COMPANY

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**    CVRI2104801

**Case Name:**    MCGRANAHAN vs GEICO INDEMNITY COMPANY

### NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Daniel Ottolia in Department 4 for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml. If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing. If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

 

| | |
|---|---|
| | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

Dated: 10/21/2021                     W. SAMUEL HAMRICK JR.,
                                      Court Executive Officer/Clerk of Court


by: _L. Villanueva_____

                                      L. Villanueva, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

**EXHIBIT B**

 **CT Corporation**

**Service of Process Transmittal**
12/21/2021
CT Log Number 540778375

**TO:**   Melody Hibdon
GEICO Corporation
14111 DANIELSON ST
POWAY, CA 92064-6886

**RE:**   **Process Served in California**

**FOR:**  GEICO General Insurance Company  (Domestic State: MD)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MICHAEL MCGRANAHAN, an individual vs. GEICO INDEMNITY COMPANY |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # CVRI2104801 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/21/2021 at 02:05 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780121651331<br><br>Image SOP<br><br>Email Notification,  Melody Hibdon  ctcd@geico.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:**                    Tue, Dec 21, 2021

**Server Name:**             Victor Mendez

| Entity Served | GEICO GENERAL INSURANCE COMPANY |
|---|---|
| Case Number | CVBRI2104801 |
| Jurisdiction | CA |



**CT Corporation**

**Service of Process Transmittal**
12/21/2021
CT Log Number 540778331

| | |
|---|---|
| **TO:** | Melody Hibdon<br>GEICO Corporation<br>14111 DANIELSON ST<br>POWAY, CA 92064-6886 |

**RE:** **Process Served in California**

**FOR:** GEICO INDEMNITY COMPANY  (Domestic State: NE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MICHAEL MCGRANAHAN, an individual vs. GEICO INDEMNITY COMPANY |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # CVRI2104801 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/21/2021 at 02:05 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780121651331<br><br>Image SOP<br><br>Email Notification,  Melody Hibdon  ctcd@geico.com |
| **REGISTERED AGENT ADDRESS:** | Amanda Garcia<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1 / JL



# PROCESS SERVER DELIVERY DETAILS

**Date:**              Tue, Dec 21, 2021

**Server Name:**       Victor Mendez

| Entity Served | GEICO INDEMNITY COMPANY |
|---|---|
| Case Number | CVRI2104801 |
| Jurisdiction | CA |



**EXHIBIT C**





**Confirmation #:** 26123325

**Case Title:** MCGRANAHAN vs GEICO INDEMNITY COMPANY

Thank you for choosing One Legal. If you have any questions about this order, please email us at support@onelegal.com.

## CASE INFORMATION

| | |
|---|---|
| **Court Name:** | Riverside County, Superior Court of California |
| **Court Branch:** | Riverside |
| **Case Title:** | MCGRANAHAN vs GEICO INDEMNITY COMPANY |
| **Case Category:** | Civil |
| **Case Type:** | Unlimited Civil Other Contract |
| **Case #:** | CVRI2104801 |

## ORDER DETAILS

| | |
|---|---|
| **Order Type:** | eFiling |
| **Filing order #:** | 17531971 |
| **Date/Time Submitted:** | 1/18/2022 11:20 AM PT |
| **Client Billing Code:** | 42PK-299492 |
| **Contact Name:** | Tammy Siemers |
| **Attorney Name:** | none |
| **Email Notification:** | Contact |

## DOCUMENTS

| Document Type | Document Title | Pages Uploaded |
|---|---|---|
| Answer to Complaint | Answer to Complaint | 5 |
| Proof of Service by Mail re: | Proof of Service by Mail re: Proof of Service by Mail re: Answer to Complaint | 2 |

073

© One Legal LLC
Version: 7.0.134 | Customer #0009163

Accessibility statement (https://www.onelegal.com/accessibility/)   |   Privacy policy (https://www.onelegal.com/privacy/)   |   Terms of service

(https://www.onelegal.com/terms/)

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JOHN T. BROOKS, Cal. Bar No. 167793
JARED K. LEBEAU, Cal. Bar No. 292742
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone:    619.338.6500
Facsimile:    619.234.3815
E mail        jbrooks@sheppardmullin.com
              jlebeau@sheppardmullin.com

Attorneys for defendants GEICO
INDEMNITY COMPANY and GEICO
GENERAL INSURANCE COMPANY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE, RIVERSIDE HALL OF JUSTICE

| | |
|---|---|
| MICHAEL MCGRANAHAN, an individual,<br><br>            Plaintiff,<br><br>      v.<br><br>GEICO INDEMNITY COMPANY; GEICO GENERAL INSURANCE COMPANY; and, DOES 1 through 100, inclusive,<br><br>            Defendants. | Case No. CVRI2104801<br><br>**DEFENDANTS GEICO INDEMNITY COMPANY AND GEICO GENERAL INSURANCE COMPANY'S ANSWER TO THE COMPLAINT**<br><br>The Hon. Daniel Ottolia<br><br>[Complaint Filed: October 20, 2021] |

SMRH:4871-1628-6472.1                DEFENDANTS GEICO INDEM. CO. AND GEICO GEN. INS. CO.'S ANSWER TO THE
COMPLAINT

1    Defendants GEICO Indemnity Company and GEICO General Insurance Company

2  (collectively referred to as "GEICO") hereby answer Plaintiff's Complaint as follows:

3                               **GENERAL DENIAL**

4    Under California Code of Civil Procedure section 431.30, GEICO generally denies

5  the allegations of the Complaint.

6                                   **DEFENSES**

7    Without conceding that it has the burden of proof as to any of these matters, GEICO

8  submits the following affirmative defenses:

9                 **FIRST AFFIRMATIVE DEFENSE**

10                **(Failure to State a Claim)**

11    The Complaint and each purported claim for relief therein fail to state any claim

12  against GEICO upon which relief can be granted.

13              **SECOND AFFIRMATIVE DEFENSE**

14                    **(Standing)**

15    The Complaint and each purported claim for relief therein are barred to the extent

16  that Plaintiff lacks the requisite standing to assert his claims.

17               **THIRD AFFIRMATIVE DEFENSE**

18                    **(Privilege)**

19    The Complaint and each cause of action therein are barred because GEICO was

20  privileged in acting as it did and in making the statements and representations it made to

21  the persons to whom the statements and representations were made.

22              **FOURTH AFFIRMATIVE DEFENSE**

23               **(Failure to Mitigate)**

24    The Complaint and each and every purported claim for relief therein are barred to

25  the extent that Plaintiff and/or any insured failed to mitigate his/her damages, if any,

26  alleged or otherwise, and is therefore estopped from making or pursuing any claim

27  thereon.

28

DEFENDANTS GEICO INDEM. CO. AND GEICO GEN. INS. CO.'S ANSWER TO THE
COMPLAINT

1

**FIFTH AFFIRMATIVE DEFENSE**

2

**(Comparative or Contributory Fault)**

3

Without in any way admitting that Plaintiff and/or any insured was in any way

4

damaged, or that s/he was damaged by any conduct of GEICO, the damages complained of

5

were proximately caused in whole or in part by the comparative or contributory fault and

6

negligence of Plaintiff, the insured, and/or their respective agents and representatives.

7

**SIXTH AFFIRMATIVE DEFENSE**

8

**(Conduct of Third Parties)**

9

Without in any way admitting that Plaintiff and/or any insured was in any way

10

damaged, or that s/he was damaged by any conduct of GEICO, GEICO is informed and

11

believes, and based thereon alleges, that if Plaintiff and/or any insured was damaged, the

12

damage was caused in whole or in part by the acts of third parties other than GEICO.

13

**SEVENTH AFFIRMATIVE DEFENSE**

14

**(Offset / Credit)**

15

In the event there is a finding of damages for Plaintiff, such damages must be offset

16

to the extent Plaintiff received monetary benefits from collateral sources and/or other

17

credits to which GEICO is entitled from Plaintiff and/or any insured.

18

**EIGHTH AFFIRMATIVE DEFENSE**

19

**(Material Misrepresentation or Concealment)**

20

To the extent that any insured made a material misrepresentation or concealed any

21

material fact during the claim or in connection with an insurance application, the

22

Complaint and each purported claim for relief therein are barred.

23

**NINTH AFFIRMATIVE DEFENSE**

24

**(Condition Precedent)**

25

The Complaint and each purported claim for relief therein are barred to the extent

26

that any insured failed to perform certain conditions precedent to any obligations or

27

indebtedness which GEICO might otherwise have had toward them.

28

1

## **TENTH AFFIRMATIVE DEFENSE**

2

### **(Breach or Failure to Comply with Contract Terms)**

3  The Complaint and each purported claim for relief therein are barred to the extent

4  that any insured has breached or not fully complied with all the terms and conditions of the

5  Policy, including, but not limited to, the Assistance and Cooperation of the Insured

6  provision, the Action Against Us provision, and the Fraud and Misrepresentation

7  provision.

8

## **ELEVENTH AFFIRMATIVE DEFENSE**

9

### **(Waiver)**

10  The Complaint and each purported claim for relief therein are barred to the extent

11  that Plaintiff and/or any insured waived any rights s/he may otherwise have had against

12  GEICO.

13

## **TWELFTH AFFIRMATIVE DEFENSE**

14

### **(Estoppel)**

15  GEICO is informed and believes, and based thereon alleges, that Plaintiff is

16  estopped to assert the claims set forth in the Complaint.

17

## **THIRTEENTH AFFIRMATIVE DEFENSE**

18

### **(Unclean Hands)**

19  Plaintiff's claims against GEICO are barred by the doctrine of unclean hands.

20

## **FOURTEENTH AFFIRMATIVE DEFENSE**

21

### **(Statute of Limitations)**

22  The Complaint, and each purported cause of action therein, is barred to the extent

23  that it contains claims precluded, in whole or in part, by the applicable statute of

24  limitations, including California Code of Civil Procedure sections 338, 339, and 340.

25

## **FIFTEENTH AFFIRMATIVE DEFENSE**

26

### **(Limitation on Economic Damages)**

27  While denying the allegations of the Complaint, GEICO alleges that if Plaintiff

28  recovers, then under California Civil Code sections 1431.1, *et seq.*, GEICO is not liable for

-4-

1  any non-economic damages that are not directly proportional to its respective percentage

2  of fault.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Reservation of Rights)

5       GEICO is informed and believes and thereupon alleges that it may have other

6  separate and additional defenses of which it is presently unaware; GEICO reserves the

7  right to allege other separate and additional defenses upon the discovery of additional facts

8  during the course of discovery.

### PRAYER FOR RELIEF

10      Wherefore GEICO prays for relief as follows:

11      1.      That Plaintiff take nothing by way of the Complaint or any pleading on file

12  herein;

13      2.      For attorneys' fees and costs incurred in the defense of this action; and

14      3.      For such other and further relief as the Court may deem just and proper.

15

16  Dated:  January 18, 2022

17                          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

18

19              By

20                              JARED K. LEBEAU

21                          Attorneys for defendants GEICO INDEMNITY
22                              COMPANY and GEICO GENERAL
                                    INSURANCE COMPANY
23

24

25

26

27

28

-5-

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2      Including Professional Corporations
   JOHN T. BROOKS, Cal. Bar No. 167793
3  JARED K. LEBEAU, Cal. Bar No. 292742
   501 West Broadway, 19th Floor
4  San Diego, California 92101-3598
   Telephone:   619.338.6500
5  Facsimile:   619.234.3815
   E mail       jbrooks@sheppardmullin.com
6                jlebeau@sheppardmullin.com

7  Attorneys for GEICO INDEMNITY
   COMPANY and GEICO GENERAL
8  INSURANCE COMPANY

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10               COUNTY OF RIVERSIDE, RIVERSIDE HALL OF JUSTICE

11

12
   MICHAEL MCGRANAHAN, an          Case No. CVRI2104801
13 individual,
                                    **PROOF OF SERVICE**
14             Plaintiff,
                                    The Hon. Daniel Ottolia
15      v.                          Dept. 4

16 GEICO INDEMNITY COMPANY;         Complaint Filed: October 20, 2021
   GEICO GENERAL INSURANCE
17 COMPANY; and, DOES 1 through 100,
   inclusive,
18
               Defendants.
19

20

21      I, the undersigned, declare under penalty of perjury that I am, and was at the time of

22 service of the papers herein referred to, over the age of eighteen years and not a party to the

23 action; and I am employed in the County of San Diego, State of California, in which county

24 the within-mentioned service occurred.  My business address is 501 West Broadway, 19th

25 Floor, San Diego, California 92101.

26      On January 18, 2022, I served a copy of the following document(s):

27         **DEFENDANTS GEICO INDEMNITY COMPANY AND GEICO**

28 **GENERAL INSURANCE COMPANY'S ANSWER TO THE COMPLAINT**

                              -1-
SMRH:4862-0148-7623.1                                    PROOF OF SERVICE

on the following recipients:

| Service List | |
|---|---|
| Gregory G. Rizio, Esq.<br>Eric Ryanen, Esq.<br>RIZIO LIPINSKY LAW FIRM PC<br>2677 N. Main Street, Suite 225<br>Santa Ana, CA 92705 | **_Attorneys for Plaintiff_**<br>Tel.: (714) 547-1234<br>Fax: (714) 547-1245<br>Email: grizio@riziolawfirm.com<br>       eryanen@riziolawfirm.com |

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from tsiemers@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List. The document(s) were transmitted and I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Diego, California on January 18, 2022.

_s/ Tamara Siemers_
Tamara Siemers

SMRH:4862-0148-7623.1                                                                PROOF OF SERVICE

**EXHIBIT D**

Electronically FILED by Superior Court of California, County of Riverside on 10/20/2021 12:47 PM
Case Number CVRI2104801 0000003803489 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Lourdes Villanueva, Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| —Eric I. Ryanen    (Bar # 146559)<br>Rizio Lipinsky Law Firm PC<br>2677 North Main Street, Suite 225<br>Santa Ana, CA 92705<br>TELEPHONE NO.: (714) 547-1234        FAX NO.: (714) 547-1245<br>ATTORNEY FOR *(Name):* Michael McGranahan, Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside 92501
BRANCH NAME:

CASE NAME:
McGranahan v. Geico

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>CVRI2104801 |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[X] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is    [X] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[X] monetary    b.[ ] nonmonetary; declaratory or injunctive relief    c.[ ] punitive
4. Number of causes of action *(specify):* TWO (2)
5. This case [ ] is    [X] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 19, 2021

Eric I. Ryanen
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**
083

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

*LexisNexis® Automated California Judicial Council Forms*

Electronically FILED by Superior Court of California, County of Riverside on 10/20/2021 12:47 PM
Case Number CVRI2104801 0000003803488 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Lourdes Villanueva, Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | |
|---|---|
| ☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220 | ☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225 | ☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☐ **HEMET** 880 N. State St., Hemet, CA 92543 | ☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501 |
| ☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 | |

RI-CI032

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*<br><br>Eric I. Ryanen, State Bar No. 146559<br>Rizio Lipinsky Law Firm PC<br>2677 North Main Street, Suite 225<br>Santa Ana, CA  92705<br><br>TELEPHONE NO: (714) 547-1234    FAX NO. *(Optional)*: (714) 547-1245<br>E-MAIL ADDRESS *(Optional)*: eryanen@riziolawfirm.com<br>ATTORNEY FOR *(Name)*: Plaintiff Michael McGranahan | FOR COURT USE ONLY |
| PLAINTIFF/PETITIONER: Michael McGranahan | |
| DEFENDANT/RESPONDENT: Geico Indemnity Company | CASE NUMBER:<br><br>CVRI2104801 |

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒   The action arose in the zip code of:   91752 _____

☐   The action concerns real property located in the zip code of:   _____

☐   The Defendant resides in the zip code of:   _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date   10/13/1 _____

_____
Eric I. Ryanen
(TYPE OR PRINT NAME OF ☒ATTORNEY ☐PARTY MAKING DECLARATION)

►   _____
(SIGNATURE)

Approved for Mandatory Use
Riverside Superior Court
RI-CI032 [Rev. 08/15/13]

**CERTIFICATE OF COUNSEL**

085

Page 1 of 1
Local Rule 1.0015
riverside.courts.ca.gov/localfirms/localfirms.shtml
*LexisNexis® Automated California County Forms*

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**    CVRI2104801

**Case Name:**    MCGRANAHAN vs GEICO INDEMNITY COMPANY

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Daniel Ottolia in Department 4  for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316).  Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml.  If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing.  If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

Dated: 10/21/2021

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: *L. Villanueva*
_____
L. Villanueva, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**   CVRI2104801

**Case Name:**   MCGRANAHAN vs GEICO INDEMNITY COMPANY

ERIC I RYANEN
2677 N. MAIN STREET, SUITE 225
Santa Ana, CA 92705

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 04/19/2022 | 8:30 AM | Department 4 |
| Location of Hearing: **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 10/21/2021

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _L. Villanueva_

L. Villanueva, Deputy Clerk

CI-NOCMC
(Rev. 03/06/20)

Notice has been printed for the following Firm/Attorneys or Parties: CVRI2104801

RYANEN, ERIC I
2677 N. MAIN STREET, SUITE 225
Santa Ana, CA 92705

MCGRANAHAN, MICHAEL

GEICO GENERAL INSURANCE COMPANY

GEICO INDEMNITY  COMPANY

RI-ADR001-INFO



SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
www.riverside.courts.ca.gov

**Self-represented parties:** https://www.riverside.courts.ca.gov/SelfHelp/self-help.php

---

### ALTERNATIVE DISPUTE RESOLUTION (ADR) –
### *INFORMATION PACKAGE*

### \*\*\* THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE
### ON EACH PARTY WITH THE COMPLAINT. \*\*\*

---

### What is ADR?
Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial.
The main types are mediation, arbitration, and settlement conferences.

### Advantages of ADR:
- Faster:  ADR can be done in a 1-day session within months after filing the complaint.
- Less expensive:  Parties can save court costs and attorneys' and witness fees.
- More control:  Parties choose their ADR process and provider.
- Less stressful:  ADR is done informally in private offices, not public courtrooms.

### Disadvantages of ADR:
- No public trial:  Parties do not get a decision by a judge or jury.
- Costs:  Parties may have to pay for both ADR and litigation.

### Main Types of ADR:

**Mediation:**    In mediation, the mediator listens to each person's concerns, helps them
evaluate the strengths and weaknesses of their case, and works with them to create a
settlement agreement that is acceptable to everyone.  If the parties do not wish to settle
the case, they go to trial.

Mediation may be appropriate when the parties:
- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

Mediation is not appropriate when the parties:
- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and
arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's
decision is final; there is no right to trial.  In "non-binding" arbitration, any party can request
a trial after the arbitrator's decision.  The court's mandatory Judicial Arbitration program is
non-binding.

---

**Page 1 of 2**

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR001-INFO [Rev. 06/10/21]

Arbitration may be appropriate when the parties:
- ☑ want to avoid trial, but still want a neutral person to decide the outcome of the case.

Arbitration is not appropriate when the parties:
- ☑ do not want to risk going through both arbitration and trial (Judicial Arbitration)
- ☑ do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:** Settlement conferences are similar to mediation, but the settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial. Settlement conferences often involve attorneys more than the parties and often take place close to the trial date.

## RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS

ADR Information and forms are posted on the ADR website:
https://www.riverside.courts.ca.gov/Divisions/ADR/ADR.php

### General Policy:
Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial. (Local Rule 3200)

### Court-Ordered ADR:
Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

### Private ADR (for cases not ordered to arbitration or mediation):
Parties schedule and pay for their ADR process without Court involvement. Parties may schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the "Private Mediation Information Sheet" on the ADR website for more information.

### BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:
1. Discuss ADR with all parties at least 30 days before the CMC. Discuss:
   - ☑ Your preferences for mediation or arbitration.
   - ☑ Your schedule for discovery (getting the information you need) to make good decisions about settling the case at mediation or presenting your case at an arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.

(Local Rule 3218)

### RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:
- ☑ The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation). See https://adr.riverside.courts.ca.gov/Home/CivilMedPanel or ask for the list in the civil clerk's office, attorney window.
- ☑ Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act):
  Dispute Resolution Service (DRS) Riverside County Bar Association: (951) 682-1015
  Dispute Resolution Center, Community Action Partnership (CAP): (951) 955-4900
  Chapman University School of Law Mediation Clinic (services only available at the court)

Page 2 of 2

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR001-INFO [Rev. 06/10/21]

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ **MORENO VALLEY** 13800 Heacock St. #D201, Moreno Valley, CA 92553

☐ **MURRIETA** 30755-D Auld Rd., Murrieta, CA 92563
☐ **PALM SPRINGS** 3255 Tahquitz Canyon Way, Palm Springs, CA 92262
☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

**RI-ADR001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, State Bar Number and Address*) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:    FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | |

| PLAINTIFF/PETITIONER: | |
|---|---|
| | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |
| | CASE MANAGEMENT CONFERENCE DATE(S): |

### STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)
(CRC 3.2221; Local Rule, Title 3, Division 2)

**Court-Ordered ADR:**

Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference. If eligible, the parties agree to participate in:

☐ Mediation          ☐ Judicial Arbitration (non-binding)

**Private ADR:**

If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐ Mediation          ☐ Judicial Arbitration (non-binding)
☐ Binding Arbitration   ☐ Other (describe): _____

Proposed date to complete ADR: _____

### SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.

_____     _____     _____
(PRINT NAME OF PARTY OR ATTORNEY)        (SIGNATURE OF PARTY OR ATTORNEY)          (DATE)
☐ Plaintiff  ☐ Defendant

_____     _____     _____
(PRINT NAME OF PARTY OR ATTORNEY)        (SIGNATURE OF PARTY OR ATTORNEY)          (DATE)
☐ Plaintiff  ☐ Defendant

_____     _____     _____
(PRINT NAME OF PARTY OR ATTORNEY)        (SIGNATURE OF PARTY OR ATTORNEY)          (DATE)
☐ Plaintiff  ☐ Defendant

_____     _____     _____
(PRINT NAME OF PARTY OR ATTORNEY)        (SIGNATURE OF PARTY OR ATTORNEY)          (DATE)
☐ Plaintiff  ☐ Defendant

**Page 1 of 1**

Adopted for Mandatory Use
Riverside Superior Court
Form RI-ADR001  [Rev. 01/01/12]
[Reformatted 06/01/16]

**ALTERNATIVE DISPUTE RESOLUTION
(ADR) STIPULATION**

Statutory Authority
riverside.courts.ca.gov/localfrms/localfrms.shtml